J. S76001/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :      IN THE SUPERIOR COURT OF
                           :                 PENNSYLVANIA
                  v.           :
                           :
ERNEST WOODALL,           :          No. 565 WDA 2013
                           :
         Appellant       :


Appeal from the Order, February 25, 2013,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0008320-1996


BEFORE:  FORD ELLIOTT, P.J.E., PANELLA AND OLSON, JJ.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:       **FILED JANUARY 14, 2015**

Ernest Woodall appeals, ***pro se***, from the order of February 25, 2013, dismissing his serial PCRA[1] petition as untimely.  We affirm.

The facts of this case were described in a prior memorandum of this court:

> On May 5, 1996, two uniformed Pittsburgh police officers on routine patrol in a marked wagon noticed Appellant's vehicle parked in the middle of the street with the engine idling and a door open, blocking traffic in either direction, while he was standing on the sidewalk, talking to a female.  One of the police officers, Edward Dent, knew Appellant personally from the neighborhood, and from towing his vehicle a week earlier.  When Officer Dent asked him to move his vehicle, Appellant responded, "Fuck you," and ran to the back of the vehicle.  Both officers followed.  (**See** N.T. Trial, 11/9-12/04, at 37-44).

---

[1] Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

In the scuffle which ensued, Appellant attempted to draw a .45 Glock handgun from his waistband, but it fell to the ground. He managed to run away. The police began to follow him, but decided to stay behind to secure the Glock, which was loaded and equipped with a laser sight, and other firearms found in Appellant's vehicle, a .9 millimeter Smith & Wesson handgun, and an SKS assault rifle, both also loaded. (*Id.* at 53-56). The two officers radioed for back-up and prepared to tow the vehicle.

However, Appellant soon returned, this time with an AK-47 assault rifle, which he pointed at the police, saying, "I want my shit, give me my shit now." (*Id.* at 58). When they did not comply, he fired at them, now six police in all, including those who had arrived in response to the radio call. Appellant then escaped.

The police apprehended Appellant the next day, but he fled the jurisdiction soon after he was charged. He was not discovered until almost seven years later, when the National Crime Information Center informed an FBI agent assigned to the Pittsburgh Fugitive Task Force that there was a possible fingerprint match between one "Joseph Brown," a/k/a "Allan Alphonso Garner," recently arrested in Montgomery County, Alabama, and Appellant. Appellant was arrested in February, 2003, in the office of his Alabama parole officer, and eventually returned to Pittsburgh through the Interstate Agreement on Detainers (IAD), 42 Pa.C.S.A. §§ 9101-9108. Following a hearing, the trial court denied pre-trial motions, and trial commenced in November of 2004.

After the jury convicted Appellant of four counts of attempted homicide, six counts of aggravated assault, and one count of violation of the Uniform Firearms Act (VUFA), the trial court sentenced him to an aggregate term of thirty-two to eighty years' imprisonment. This Court affirmed the

judgment of sentence, and our Supreme Court denied allowance of appeal on May 10, 2007.

On December 19, 2007, Appellant filed a timely *pro se* petition for PCRA relief. The PCRA court appointed counsel, who filed an amended petition. After the PCRA court filed notice of its intent to dismiss pursuant to Pa.R.Crim.P. 907, counsel filed a second amended petition and response to the notice of intent. The PCRA court dismissed the petition on May 4, 2009. Appellant filed a timely *pro se* notice of appeal, and the PCRA court appointed counsel to represent him.

*Commonwealth v. Woodall*, No. 897 WDA 2009, unpublished memorandum at 1-3 (Pa.Super. filed October 20, 2010). This court affirmed dismissal of appellant's first PCRA petition on October 20, 2010. Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

On November 10, 2011, appellant filed a second *pro se* PCRA petition, which was dismissed without a hearing, following Rule 907 notice, on December 2, 2011. No direct appeal was taken from this dismissal.

On December 16, 2011,[2] appellant filed, *pro se*, a petition for *habeas corpus* relief which was properly treated as a third PCRA

---

[2] Appellant's petition was not docketed until December 21, 2011. However, we are mindful of the so-called "prisoner mailbox rule," pursuant to which a document is deemed filed on the date that a prisoner delivers it to prison authorities for mailing. *Commonwealth v. Jones*, 700 A.2d 423, 426 (Pa. 1997). The record indicates that appellant's petition was mailed from SCI-Dallas on December 16, 2011. (Docket #93.)

petition.[3]  On January 22, 2013, the PCRA court gave Rule 907 notice of its intent to dismiss the petition within 20 days without a hearing; and with no response forthcoming from appellant, his petition was dismissed on February 25, 2013.  Appellant filed a timely **pro se** notice of appeal on March 13, 2013.  On April 15, 2013, appellant was ordered to file a concise statement of errors complained of on appeal within 21 days pursuant to Pa.R.A.P. 1925(b); appellant timely complied on May 3, 2013, and on May 13, 2013, the PCRA court filed a Rule 1925(a) opinion.

> The standard of review for an order denying post-conviction relief is limited to whether the record supports the PCRA court's determination, and whether that decision is free of legal error.  The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.  Furthermore, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact and the petitioner is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings.

**Commonwealth v. Johnson**, 945 A.2d 185, 188 (Pa.Super. 2008), **appeal denied**, 956 A.2d 433 (Pa. 2008), quoting **Commonwealth v. Taylor**, 933 A.2d 1035, 1040 (Pa.Super. 2007) (citations omitted).

> Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition.

---

[3] Appellant's petition for writ of **habeas corpus** is properly treated as a serial PCRA petition, since the PCRA is the sole means by which a defendant may obtain collateral relief and subsumes the remedy of **habeas corpus** with respect to remedies offered under the Post-Conviction Relief Act. 42 Pa.C.S.A. § 9542.

> ***Commonwealth v. Robinson***, 575 Pa. 500, 508, 837 A.2d 1157, 1161 (2003). The most recent amendments to the PCRA, effective January 16, 1996, provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Bretz***, 830 A.2d 1273, 1275 (Pa.Super.2003); ***Commonwealth v. Vega***, 754 A.2d 714, 717 (Pa.Super.2000). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

***Commonwealth v. Monaco***, 996 A.2d 1076, 1079 (Pa.Super. 2010).

> The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and prove:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and

> has been held by that court to apply retroactively.
>
> 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). "As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims." **Commonwealth v. Gamboa-Taylor**, 562 Pa. 70, 77, 753 A.2d 780, 783 (2000); 42 Pa.C.S.A. § 9545(b)(2).

**Id.** at 1079-1080.

Instantly, the Supreme Court of Pennsylvania denied allowance of appeal on May 10, 2007. **Commonwealth v. Woodall**, No. 526 WAL 2006 (**per curiam**). Therefore, appellant's judgment of sentence became final for PCRA purposes on or about August 8, 2007, upon expiration of the time to file a petition for writ of **certiorari** with the United States Supreme Court. **See** 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct. Rule 13, 28 U.S.C.A. (petition for writ of **certiorari** is deemed timely when it is filed within 90 days after denial of **allocatur**). Appellant filed the current petition, his third, on December 16, 2011, over four years later. Therefore, appellant's current PCRA petition is manifestly untimely on its face.

Appellant does not attempt to plead and prove any of the three exceptions to the one-year jurisdictional time bar. Instead, he claims that his sentence is illegal because his four convictions of attempted homicide should have merged for sentencing purposes. Appellant received

consecutive sentences of 8 to 20 years' imprisonment on each of the four counts of attempted homicide. Appellant argues that an illegal sentence is always subject to correction and cites 18 Pa.C.S.A. § 906, "Multiple convictions of inchoate crimes barred," which provides: "A person may not be convicted of more than one of the inchoate crimes of criminal attempt, criminal solicitation or criminal conspiracy for conduct designed to commit or to culminate in the commission of the same crime."

Appellant is correct that the concept of merger implicates the legality of sentencing and is generally non-waivable (*see*, *e.g.*, *Commonwealth v. Duffy*, 832 A.2d 1132, 1136 (Pa.Super. 2003), *appeal denied*, 845 A.2d 816 (Pa. 2004)); however, such a claim is still subject to the PCRA's time limitations.

> The timeliness requirements of the PCRA do not vary based "on the nature of the constitutional violations alleged therein . . . . To the contrary, . . . the PCRA's timeliness requirements . . . are intended to apply to all PCRA petitions, regardless of the nature of the individual claims raised therein." *Commonwealth v. Murray*, 562 Pa. 1, 753 A.2d 201, 202-03 (2000). Because the "PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner."

*Commonwealth v. Howard*, 788 A.2d 351, 356 (Pa. 2002), quoting *Murray*, 753 A.2d at 203. Indeed, "even claims that a sentence was illegal, an issue deemed incapable of being waived, are not beyond the jurisdictional

time restrictions." ***Commonwealth v. Grafton***, 928 A.2d 1112, 1114 (Pa.Super. 2007), citing ***Commonwealth v. Fahy***, 737 A.2d 214 (Pa. 1999); ***Commonwealth v. Beck***, 848 A.2d 987 (Pa.Super. 2004). Therefore, appellant's illegal sentencing claim does not operate as an independent exception to the PCRA's jurisdictional time bar.

At any rate, appellant's argument is misplaced. His conviction of four separate counts of attempted homicide did not merge for sentencing purposes where they related to four individual victims. The record reflects that appellant shot at four different police officers. Appellant's conduct was designed to culminate in the commission of separate and distinct crimes. Therefore, the convictions did not merge. ***See Commonwealth v. Graves***, 508 A.2d 1198 (Pa. 1986) (***per curiam***) (conspiracy and solicitation did not merge where each was directed at a different end; "inchoate crimes merge only when directed to the commission of the same crime, not merely because they arise out of the same incident"); ***Commonwealth v. Hassine***, 490 A.2d 438, 465 (Pa.Super. 1985), ***overruled on different grounds***, ***Commonwealth v. Schaeffer***, 536 A.2d 354 (Pa.Super. 1987) (***en banc***) (sentences for conspiracy and attempt would not merge where there were two separate victims).

As appellant's petition was untimely filed, the PCRA court did not have jurisdiction to consider it. The PCRA court did not err in denying appellant's petition.

J. S76001/14

    Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  1/14/2015