419 A.2d 1296

**Terrence Lee NEY**

v.

**Connie Mae NEY, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 4, 1979.

Filed May 2, 1980.

Petition for Allowance of Appeal Denied Sept. 19, 1980.

W. J. Krencewicz, Shenandoah, for appellant.

Joseph A. Zane, Schuylkill Haven, for appellee.

Before HESTER, MONTGOMERY and CIRILLO, JJ.*

PER CURIAM:

This is an appeal from an order dividing personal property owned by the litigants by entireties. The order was made in a divorce proceeding.

The divorce proceeding was instituted by the husband and service was properly made on the defendant–wife. During the course of the proceedings, plaintiff secured a rule to show cause why the entireties property of the parties should not be partitioned. Notice of this rule was served on the wife's attorney, and a responsive answer to the petition and rule was filed by the wife. A hearing was thereafter held at which it was stipulated that the issue would be limited to jointly owned personal property and not realty. Following the hearing, an order was made dividing the personal property, from which order this appeal was taken by the defendant–wife.

Two questions are raised by the appeal as noted in appellant's brief viz

(1) In an action for Divorce A.V.M., does a court have jurisdiction or power to entertain a proceeding for partition of entireties property, where such proceeding is initiated by Petition and Rule to Show Cause and where the Petition and Rule have not been served upon the defendant?

(2) May a final order directing partition of entireties property be entered without first entering a Decree Nisi and without affording an opportunity to file exceptions to the adjudication?

* Judge VINCENT A. CIRILLO of the Court of Common Pleas of Montgomery County, Pennsylvania, is sitting by designation.

Appellant's basic argument is that the lower court did not have jurisdiction to order partition because of plaintiff's failure to comply with Pa.R.C.P. 1127(b) and Pa.R.C.P. 1124(e) (erroneously stated (c) in appellant's brief) Pa.R.C.P. 1127 states that in divorce proceedings

> (b) The plaintiff may join in the complaint in separate counts any other matters which may by Act of Assembly be joined with an action of divorce or annulment, or, if they have not been so joined, the plaintiff may, as of course, amend the complaint to include such other matters, or may file to the same term and number a separate supplemental complaint or complaints limited to such other matters.

and Pa.R.C.P. 1124(e) provides "A complaint which includes one or more matters which may by Act of Assembly be joined with an action of divorce or annulment, shall as to each matter, be served in the manner required when a separate action is brought upon such matter, before the court may proceed to determine such matter in the action for divorce for annulment."

■ From the note made part of rule 1124(e), reference is made to Pa.R.C.P. 1122 Venue, particularly in situations covered by the Husband and Wife Partition Act of May 10, 1927, P.L. 884 Sect. 1 as amended May 17, 1949 P.L. 1394, 68 P.S. § 501 which provides that service shall be made in such cases as in cases of partition at law. However, in *Mervine v. Matthews*, 358 Pa. 203, 56 A.2d 79 (1948), it was held that such act was not intended to require suit for partition of entireties property to be commenced by summons and service thereof in all cases, but only that service was to be so made when partition was sought through the issuance of a summons. Therefore we fail to find any error concerning the manner of service in this case. The petition for the rule was served on appellant's attorney, she answered it, appeared and participated in the proceedings. We observe no prejudice to her due to any variance in the manner of service from that prescribed by rule or statute.

The main thrust of appellant's argument is that, procedurally, plaintiff should have amended his complaint in divorce to include the matter of partition of the entireties property rather than file a petition to show cause why such action should not be taken.

The appellant was properly in court in the divorce proceeding, and had plaintiff proceeded by amending his complaint, it would have been proper to serve appellant's attorney with notice of the amendment. *Goodrich–Amran*, 2d 1033:4 p. 367. Thus, the remaining question is whether the misnomer of the pleading, i. e., a petition for rule to show cause, or a petition for leave to amend, deprived the lower court of jurisdiction to determine the partition matter. We think not. In *General Mills, Inc. v. Snavely*, 203 Pa.Super 162, 199 A.2d 540 (1964), the court referred to Pa.R.C.P. 126 which provides for a liberal construction of the rules to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. We believe that principle was properly applied by the lower court in this case, and having jurisdiction of the divorce matter, it properly considered and disposed of the partition issue.

Finally appellant complains that the lower court failed to file an adjudication and a decree nisi as is required in equity cases under Pa.R.C.P. 1517. There is no merit in this argument for the obvious reason this is not in equity but in law. However, the lower court, in its opinion, did make specific findings of fact and conclusions of law to support the order from which this appeal was taken. Appellant has not raised any question about those findings but merely argues matters of procedure and jurisdiction.

Order affirmed.