462 A.2d 859

**COMMONWEALTH of Pennsylvania**

**v.**

**Joseph Donald MARTIN, Appellant.**

Superior Court of Pennsylvania.

Argued March 22, 1983.

Filed July 8, 1983.

Bruce Alan Herald, West Chester, for appellant.

Phyllis R. Streitel, Assistant District Attorney, West Chester, for Commonwealth, appellee.

Before HESTER, JOHNSON and POPOVICH, JJ.

PER CURIAM:

On January 21, 1982, appellant pleaded guilty to attempted rape [1] and criminal conspiracy [2] arising out of an incident that occurred on September 26, 1981. Appellant also pleaded guilty to rape [3] and conspiracy [4] from a separate incident that occurred on November 28, 1981, while appellant was free on bail from his earlier offense. Appellant was sentenced to a five-to-ten year term of incarceration. On this direct appeal, appellant contends that the sentence imposed was manifestly excessive and that the trial judge abused his discretion by improperly considering proposed sentencing guidelines prior to their effective date of operation. We find no merit in appellant's contentions and, accordingly, affirm the judgment of sentence on criminal information 2271 for rape and conspiracy and on criminal information 2345 for attempted rape.

Appellant was originally sentenced on January 21, 1982 on the rape charge to pay a fine of $10.00 and the costs of prosecution and to undergo a term of imprisonment of not less than five nor more than ten years. On the accompanying conspiracy charge, appellant was sentenced to not less than three nor more than ten years to be served concurrent-

1. 18 Pa.C.S.A. § 901 (Criminal Attempt).

2. 18 Pa.C.S.A. § 903.

3. 18 Pa.C.S.A. § 3121.

4. 18 Pa.C.S.A. § 903.

ly with the sentence imposed for rape. As to the September 26 incident, appellant was sentenced to pay a fine of $10.00 and the costs of prosecution and to be imprisoned for not less than three nor more than ten years on the criminal attempt charge, to be served consecutively to the sentence imposed for rape and conspiracy. On the accompanying conspiracy charge, appellant was sentenced to a term of imprisonment of not less than two nor more than ten years to be served concurrently with the sentence imposed for criminal attempt. Appellant filed a timely motion to modify sentence and, on February 5, 1982, the trial court vacated and amended the prior sentence. Appellant's sentence was reduced to four to ten years for rape with a concurrent sentence of two to five years for conspiracy, followed by a consecutive sentence of two to five years for attempted rape. The court did not resentence on the conspiracy charge which accompanied the attempted rape charge. On March 4, 1982, the trial court again vacated and amended appellant's sentence, changing the earlier sentence for rape and conspiracy to concurrent terms of three to six years and reducing the sentence for criminal attempt to two to four years, to be served consecutively to the three to six year sentence. The court also resentenced appellant to two to four years for conspiracy arising out of the attempted rape incident.

On March 5, 1982, appellant filed a notice of appeal to this Court from the judgment of sentence. The Commonwealth argues that this appeal should be dismissed because appellant appealed from the judgment of sentence imposed February 5, 1982 which had been vacated by the order of March 4, 1982 pursuant to the trial court's second resentencing of appellant. Appellant's brief sets forth the order appealed as that entitled "Vacation of Sentence and Amended Sentencing", dated March 4, 1982. The arguments contained in appellant's brief refer to the five to ten year term of imprisonment imposed on March 4, 1982. It is implicit in Pennsylvania Rule of Appellate Procedure 904, which governs the content of the notice of appeal, that the correct

date of the order appealed should be included in the notice of appeal. Therefore, the first issue is whether this appeal should be dismissed because the notice of appeal indicates that the appeal is taken from a vacated order even though appellant's brief indicates that appellant is appealing a later, valid order.

Pa.R.A.P. 105 provides that the appellate rules shall be liberally construed to secure the just, speedy and inexpensive determination of every matter to which they are applicable. Rule 105 further provides that an appellate court may, on its own motion, disregard the requirements of any of the rules in a particular case. It is obvious from appellant's brief that he is appealing the sentence of five to ten years issued by the trial court on March 4. In *General Mills v. Snavely*, 203 Pa.Super. 162, 199 A.2d 540 (1964), we invoked Rule 126 of the Pennsylvania Rules of Civil Procedure, the liberal construction corollary to Pa.R.A.P. 105. We stated: "The procedural rules are not ends in themselves, but means whereby justice, as expressed in legal principles, is administered; they are not to be exalted to the status of substantive objectives." (Citation omitted). *Id.*, 203 Pa.Superior at 167, 199 A.2d at 543. *See also Ney v. Ney*, 277 Pa.Super. 570, 419 A.2d 1296 (1980) (where we held that a misnomer in a pleading did not deprive the lower court of jurisdiction.). We will address the merits of this case despite the obvious inadequacy in the notice of appeal.

■ As was stated previously, on criminal information 2271, appellant received concurrent sentences of three to six years for rape and conspiracy arising out of the November 28, 1981 incident. Consecutive to this sentence, on criminal information 2345, appellant received concurrent sentences of two to four years for attempted rape and conspiracy arising out of the September 26, 1981 incident. Section 906 of the Crimes Code, 18 Pa.C.S.A. § 906, provides: "[A] person may not be convicted of more than one offense defined by this chapter for conduct designed to commit or culminate in the commission of the same crime." Here, on January 21, 1982, the trial court improperly sentenced ap-

pellant for two inchoate crimes, criminal attempt and criminal conspiracy, arising out of the September 26 incident. The lower court corrected this error on February 5, 1982, but reinstated it on March 4, 1982. This issue has not been raised by appellant. However, because it involves the legality of the sentence imposed, we may raise the issue *sua sponte. Commonwealth v. Welch,* 291 Pa.Super. 1, 435 A.2d 189 (1981). Since the term of imprisonment for criminal conspiracy was to be served concurrently and for the same period of time as the attempted rape sentence, and because the court had previously corrected its mistake by vacating the conspiracy sentence, it is clear that a remand for resentencing would not result in any change of sentence. *See Commonwealth v. Moore,* 261 Pa.Super. 92, 395 A.2d 1328 (1978). Therefore, we vacate the judgment of sentence for criminal conspiracy arising out of the attempted rape of September 26.

■ Appellant's sentence totals five to ten years of incarceration. Appellant could have received a maximum term of imprisonment of twenty years for rape, ten years for conspiracy to commit rape, and ten years for attempted rape. Since the sentence is clearly within statutory limits, appellant must convince us that the sentences were manifestly excessive so as to constitute an abuse of discretion by the sentencing court. *Commonwealth v. Gaus,* 300 Pa.Super. 372, 446 A.2d 661 (1982). Appellant argues that the sentence of five to ten years of imprisonment was manifestly excessive because he has a personality disorder with anti-social tendencies that would best be treated in a controlled, residential institution where he could receive intensive psychotherapy. In support of his argument, appellant points to the fact that "[n]either of his victims sustained any permanent physical damage and, aside from pulling the rape victim into the car and knocking the attempted victim to the ground, the only physically assultive [sic] behavior associated with the rape was punching and spitting upon the attempted rape victim whom appellant had probed with his fingers." (Brief for Appellant at p. 9.) Appellant also

argues that the sentencing judge incorrectly used proposed sentencing guidelines.

We have reviewed thoroughly the record in this case and find that appellant's arguments are totally lacking in merit. The sentencing court ordered that the sentence as imposed would indicate to the State Bureau of Corrections that psychiatric therapy would be provided. The court below also stated on the record that, although it would consider the proposed sentencing guidelines, it did not agree to be bound by them and may, indeed, depart from them.

For the above-stated reasons, we vacate judgment of sentence for the criminal conspiracy charge arising out of the attempted rape incident. Judgment of sentence is affirmed as to the remaining convictions.