508 A.2d 1198

**COMMONWEALTH of Pennsylvania**

v.

**David P. GRAVES, Petitioner.**

Supreme Court of Pennsylvania.

May 9, 1986.

**OPINION AND ORDER**

PER CURIAM.

AND NOW, May 5, 1986, the Petition for Allowance of appeal is hereby granted, the order of Superior Court dated October 5, 1984, remanding the record to the Court of Common Pleas of Cambria County for resentencing is vacated insofar as it applies to David P. Graves, the resentenc-

ing order of the Court of Common Pleas of Cambria County dated April 2, 1985, is stricken for lack of jurisdiction in that court and its original sentencing orders of July 20, 1981, are reinstated.

Although the two inchoate crimes for which David P. Graves was convicted and sentenced appear to have arisen out of the same incident, the record demonstrates that each was directed at a different end. The conspiracy was for the purpose of furthering an assault with several co-defendants upon three police officers; the solicitation to murder had as its object the death of one of the officers. Section 906 of the Crimes Code, 18 Pa.C.S. § 906, states: "[a] person may not be convicted of more than one offense defined by this chapter for conduct designed to commit or to culminate in the commission of the same crime." It thus provides that inchoate crimes merge only when directed to the commission of the same crime, not merely because they arise out of the same incident. The language in *Commonwealth v. Martin*, 316 Pa.Super.Ct. 190, 462 A.2d. 859 (1983), is disapproved to the extent that it may be read to imply that a person may not be convicted for two inchoate crimes merely because they arise out of the same incident. The statute bars such convictions only when those inchoate crimes are "designed to commit or to culminate in the commission of the same crime." Section 906 of the Crimes Code.

For these reasons the original sentences imposed by the Court of Common Pleas must be reinstated.

McDERMOTT, J., dissents from the decision to review this matter.

ZAPPALA, J., files a dissenting statement.

ZAPPALA, Justice, dissenting.

I dissent. Although I agree with the result of the order, the ill-considered action of the majority in disposing of this

petition for allowance of appeal demonstrates an injudicious lack of restraint which should be the polestar that characterizes this Court's exercise of power.

The Petitioner was convicted of aggravated assault, criminal conspiracy and criminal solicitation for his part in an incident in which three undercover police officers were attacked by members of a motorcycle gang. Consecutive sentences of five to ten years imprisonment were imposed for each conviction. Superior Court, in a memorandum opinion, affirmed the convictions. The court remanded for resentencing on the conspiracy and solicitation charges, citing 18 Pa.C.S. § 906 and *Commonwealth v. Martin,* 316 Pa.Super.Ct. 190, 462 A.2d 859 (1983), for the proposition that it was permissible to impose only one sentence for all the inchoate crimes arising out of the incident. On remand, citing confusion between the Superior Court's Opinion and the orders disposing of the four cases which had been consolidated for appeal, Common Pleas Court reimposed the same sentences and explained its reason for doing so in a further Opinion. The inchoate crimes of conspiracy and solicitation, explained the court, were intended to result in two separate completed crimes, i.e., the conspiracy was designed to result in the attack on all the policemen by all the gang members, and the solicitation was designed to result in one particular gang member killing one particular officer. For this reason the court thought § 906 and *Martin* inapplicable. The court noted, however, what alternative sentence it would impose if this sentence still did not comply with Superior Court's direction.

After Superior Court had remanded for resentencing, and on the same day that Common Pleas Court entered an order scheduling the hearing for resentencing, the Petitioner filed with this Court a *Petition for Appointment of Counsel to Perfect and Prosecute Petition for Allowance of Appeal.* It is the pendency of this petition which is the basis of the majority's holding that the further action of Common Pleas Court be stricken for lack of jurisdiction. I respectfully

disagree. I do not believe that a petition for appointment of counsel suffices as an "appeal" so as to divest the lower court of jurisdiction to proceed in a matter under Pa.R.A.P. 1701(a). The petition for allowance of appeal in this case was not filed until July of 1985, after counsel had been appointed pursuant to an order of the Chief Justice. Thus, in my view, between October of 1984, when the case was remanded to Common Pleas Court, and July of 1985, when the petition for allowance of appeal was filed, there was no "appeal" pending in this Court to prevent Common Pleas Court from proceeding with resentencing.

The foregoing question of jurisdiction notwithstanding, the effect of striking the resentencing order and reinstating the original order is the same as allowing the resentencing order to stand because the court imposed the same sentences in both orders. Indeed, the rationale expounded by the majority in its *per curiam* Opinion and Order is precisely that offered by the Common Pleas Court in support of its resentencing order. It must appear odd to the parties and the courts below that this Court would grant discretionary review in a case, invalidate an order for lack of jurisdiction, then restate the reasoning of the trial court in support of the invalidated order, when the only party having an interest upholding the original order as against resentencing, the Commonwealth, was satisfied with the result in either case and took the position that allocatur should be denied.

The apparent reason for this aberrant action is the majority's eagerness to reach the issue of the proper application of 18 Pa.C.S. § 906. More precisely, the majority reaches out to disapprove certain language in *Commonwealth v. Martin* "to the extent that it *may* be read to *imply* that a person may not be convicted for two inchoate crimes merely because they arise out of the same incident." Opinion and Order at 2 (emphasis added). This action can only be characterized as a failure of judicial discipline. In *Martin,* despite the unfortunate use of the term "same incident" rather than "same crime", it appears that Superior Court

properly applied 18 Pa.C.S. § 906 to invalidate separate sentences for conspiracy and attempt relating to the same completed crime, a sexual assault on the victim. There is no indication that this potentially expansive language has in fact resulted in widespread misapplication of § 906. The present case was decided in Superior Court by Memorandum Opinion, not officially reported. There was thus no precedential value in the erroneous citation to *Martin* in this case, and no potential for extensive confusion resulting therefrom.

The Petitioner accepted the resentencing order as a *fait accompli* and argued for allowance of appeal, assuming it to be procedurally proper although substantively wrong. The Commonwealth accepted the resentencing order as both procedurally and substantively correct. Our function is to review orders, not opinions. This Court misuses its discretionary power of review when it uses a case to rule on an issue even though it does not affect the outcome of the case. I divulge no secret in noting that the Court often passes over cases containing issues of potential significance for criminal defendants and civil litigants because they are not in the proper posture for deciding the issues. *See* Roberts, *The Supreme Court of Pennsylvania: Constitutional Government in Action*, 54 Temple L.Q. 403, 407 (1981). I find no warrant for the majority's departure from that wise course, reaching out to address this potentially erroneous interpretation of the Crimes Code, especially where the Commonwealth is satisfied with the outcome of this particular case, and the erroneously reasoned Opinion is not in the public domain.

This extensive discourse is in some way the very antithesis of the course I would follow, that is, simply denying the petition for allowance of appeal. If the majority errs in unnecessarily applying the discretionary power of review, perhaps the error is only compounded by this attempt to explain the lack of necessity. I would be remiss in my duty, however, if I allowed to pass without comment this rendering of an advisory opinion.