J-S39023-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SAMMY D. BELLE | |
| Appellant | No. 3248 EDA 2018 |

Appeal from the PCRA Order entered October 15, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0804001-1980

BEFORE:  GANTMAN, P.J.E., STABILE, J. and STEVENS, P.J.E.*

MEMORANDUM BY STABILE, J.:                    **FILED OCTOBER 22, 2019**

Appellant, Sammy Belle, appeals from the October 15, 2018 order of the Court of Common Pleas of Philadelphia County, which denied his request for collateral relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46.[1]  Upon review, we affirm.

The factual and procedural background of the instant appeal is not at issue here.  Briefly, on July 26, 1983, following a jury trial, the trial court sentenced Appellant to, *inter alia*, life imprisonment for the murder of Lester

_____

* Former Justice specially assigned to the Superior Court.

[1] The notice of appeal, which does not include the date of the order being appealed, is defective. **See** Pa.R.A.P. 904.  However, it is obvious from the criminal docketing statement that Appellant is appealing the October 15, 2018 order.  Accordingly, we will entertain this appeal despite the inadequacy of the notice of appeal. **See Commonwealth v. Martin**, 462 A.2d 859, 860 (Pa. Super. 1983), *overruled on other grounds* by **Commonwealth v. Graves**, 508 A.2d 1198 (Pa. 1986).

Lawrence. We affirmed the judgment of sentence on September 9, 1987. **See Commonwealth v. Belle**, No. 2033 Philadelphia 1983, unpublished memorandum (Pa. Super. filed September 9, 1987). The Supreme Court denied Appellant's petition for allowance of appeal on February 24, 1988. **See Commonwealth v. Belle**, 539 A.2d 810 (Pa. 1988).

Appellant *pro se* filed the underlying PCRA petition, his third, on October 26, 2017.[2] In the petition, which Appellant titled as a petition for writ of *habeas corpus*, Appellant challenged the legality of his sentence and the trial court's subject matter jurisdiction.

The PCRA court treated the filing as a PCRA petition and dismissed it as untimely on October 15, 2018. This appeal followed.

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). The one-year time limitation, however, can be overcome if a petitioner (1) alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA, and (2) files a petition raising this

---

[2] Appellant unsuccessfully sought post-conviction relief in 1988 and 2009. **See Commonwealth v. Belle**, 659 Philadelphia 1990, unpublished memorandum (Pa. Super. filed March 4, 1991), *appeal denied*, 602 A.2d 855 (Pa. 1991), and **Commonwealth v. Belle**, 2234 EDA 2012, unpublished memorandum (Pa. Super. filed May 14, 2013), *appeal denied*, 84 A.3d 1061 (Pa. 2014).

- 2 -

exception within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).[3]

"The PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." **Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006) (first alteration in original) (internal citations and quotation marks omitted). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. **See Commonwealth v. Stokes**, 959 A.2d 306, 310 (Pa. 2008) (consideration of **Brady**[4] claim separate from consideration of its timeliness). The timeliness requirements of the PCRA petition must be met, even if the underlying claim is a challenge to the legality of the sentence. **See Commonwealth v. Holmes**, 933 A.2d 57, 60 (Pa. 2007) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto") (citing **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999)).

---

[3] Section 9545(b)(2) was recently amended to enlarge the deadline from sixty days to one year. However, the amendment applies only to claims arising on or after December 24, 2017.

[4] **Brady v. Maryland**, 373 U.S. 83 (1963).

It is well established that the PCRA subsumes all post-conviction remedies, including *habeas corpus* and *coram nobis* (**see** 42 Pa.C.S.A. § 9542), that the writ of *habeas corpus* can be used only when there is no available remedy under the PCRA (**see**, **e.g.**, **Commonwealth v. Judge**, 916 A.2d 511 (Pa. 2007)), and that claims challenging the legality of sentence or the trial court's subject matter jurisdiction must be presented in a timely PCRA petition (**see, e.g., Holmes**, **supra**; **Fahy**, **supra**). Accordingly, the PCRA court correctly treated the instant petition as a PCRA petition.

On appeal, Appellant merely reiterates his argument explaining why he is entitled to *habeas corpus* relief, never addressing the reasons provided by the PCRA court for dismissing the underling petition. Because the instant petition is facially untimely and Appellant does not allege, let alone prove, the applicability of any exception to the PCRA time-bar, we have no jurisdiction to entertain the merits of the underlying petition. **See**, **e.g**., **Commonwealth v. Pew**, 189 A.3d 486 (Pa. Super. 2018). Accordingly, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/19

- 4 -