J-S27022-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TIMOTHY L. GAINS | : | |
| | : | |
| Appellant | : | No. 3596 EDA 2018 |

Appeal from the PCRA Order Entered November 13, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1208141-2005

BEFORE:   SHOGAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McCAFFERY, J.:                    **FILED JULY 24, 2020**

Timothy L. Gains (Appellant) appeals, *pro se*, from the order entered in the Philadelphia County Court of Common Pleas dismissing his first petition filed pursuant to the Post Conviction Relief Act[1] (PCRA), seeking relief from his jury conviction of first-degree murder[2] and related offenses.  Appellant contends the PCRA court erred when it did not ensure that he had the opportunity to respond to the Pa.R.Crim.P. 907 notice of its intent to dismiss the petition.  For the reasons below, we quash this appeal, and remand the case to the PCRA court for further proceedings.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 2502(a).

On May 4, 2009, a jury convicted Appellant of first-degree murder, retaliation against a witness, and criminal conspiracy[3] for his role in the October 2005 shooting death of Robert Edwards. A few weeks before the shooting, Edwards witnessed Appellant's co-defendant murder a rival drug dealer, and Edwards was cooperating with the police. *Commonwealth v. Gaines*,[4] 1807 EDA 2009 (unpub. memo. at 1) (Pa. Super. 2009), *appeal denied*, 437 EAL 2014 (Pa. 2015). During the penalty phase of the trial, the jury found no aggravating circumstances, and sentenced Appellant to life imprisonment. Sentencing Verdict Slip, 5/6/09, at 3-4 (unpaginated). On June 17, 2009, the trial court imposed a sentence of life imprisonment for first-degree murder, a consecutive term of 3½ to 7 years' imprisonment for retaliation against a witness, and a concurrent term 10 to 20 years' imprisonment for conspiracy. This Court affirmed the judgment of sentence on direct appeal, and, on March 17, 2015, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. *Gaines*, 1807 EDA 2009.

On February 18, 2016, Appellant filed a timely PCRA petition, his first. Counsel was appointed, but on November 3, 2016, filed a petition to withdraw

---

[3] 18 Pa.C.S. §§ 903 and 4953(a).

[4] We note that in the prior memorandum, Appellant's name was spelled "Gaines." The lower court filings refer to Appellant as "Gains." Appellant has used both spellings in his *pro se* documents. *See* Appellant's "Statement of Matters Complained on Appeal," 11/13/18, at 1 ("Gains"); Notice of Appeal, 12/7/18, at 1 ("Gaines").

and a **Turner**/**Finley**[5] "no merit" letter.  The next day, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without first conducting an evidentiary hearing.  Appellant did not respond to the Rule 907 notice, and on December 16, 2016, the PCRA court entered an order dismissing Appellant's petition.

Nineteen months later, on September 19, 2018, Appellant requested a copy of his "recent court document sheet."   Appellant's Letter, 9/19/18.  Thereafter, on November 13, 2018, Appellant filed a document, which the clerk of courts docketed as a "Statement of Matters Complained on Appeal." **See** Docket Entry, 11/13/18.  On December 7, 2018, Appellant filed a notice of appeal, purportedly from an order entered November 13, 2018.  In the same document, Appellant included a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.[6]  On November 13, 2019, this Court issued a *per curiam* rule for Appellant to show cause why this appeal should not be quashed.  Appellant filed a response, and this Court discharged the rule, but referred the matter to the merits panel.

Appellant lists the following two issues in his brief:

---

[5] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[6] We note that this Court twice dismissed Appellant's appeal:  once, when he failed to file a docketing statement, and once when he failed to file a brief. **See** Order 2/5/19; Order, 5/3/19.  However, both times, the appeal was reinstated upon application by Appellant.  **See** Order, 3/25/19: Order, 5/30/19.

Did the PCRA court err when it did not ensure that Appellant was afforded the opportunity to respond to the Notice of Intent to Dismiss that was allegedly filed in Appellant's case?

Appellant contends that this Honorable Court should remand the case sub judice back to the PCRA Court as the PCRA Court is primarily suited to determine if there is merit to[A]appellant's claims.

Appellant's Brief at 8.

Before we may consider any substantive claims raised by Appellant, we must first determine if this appeal is properly before us. As this Court alerted Appellant in the rule to show cause, the "notice of appeal states the appeal is from the order entered November 13, 2018[, but t]here is no indication on the trial court docket of an order being entered on November 13, 2018."[7] Show Cause Order, 11/13/19. Indeed, the only docket entry on that date is Appellant's "Statement of Matters Complained on Appeal." Docket Entry, 11/13/18.

In his response to the rule to show cause, Appellant clarified his intention was to appeal the order dismissing his PCRA petition. Appellant's Objection to the Court[']s Order to Quash Appeal, 11/27/19, at 2 (unpaginated). He claims he never received either the PCRA court's Rule 907 notice or its December 16, 2016, final order. *Id.* Rather, Appellant insists he first learned of the dismissal of his PCRA petition when he inquired with this Court in November of 2018. *Id.  See also* Appellant's Brief at 13-14, 17.

---

[7] Specifically, the notice of appeal states Appellant "hereby appeals . . . from the last order of the court's denying [his] PCRA in 11-2018." Appellant's Notice of Appeal, 12/7/18 at 1.

- 4 -

We note that "[i]t is implicit in Pennsylvania Rule of Appellate Procedure 904, which governs the content of the notice of appeal, that the correct date of the order appealed should be included in the notice of appeal." *Commonwealth v. Martin*, 462 A.2d 859, 860 (Pa. Super. 1983), disapproved on other grounds, *Commonwealth v. Graves*, 508 A.2d 1198 (Pa. 1986). Here, the notice of appeal purports to appeal from an order which does not appear of record. On that basis alone, we could quash this appeal.

Furthermore, even if we were to overlook this error, and determine Appellant meant to appeal from the December 16, 2016, order dismissing his PCRA petition, we would conclude the appeal — filed nearly two years later — is manifestly untimely. *See* Pa.R.A.P. 903(a) (notice of appeal must be filed within 30 days after entry of order on appeal). As the Pennsylvania Supreme Court explained:

> The timeliness of an appeal and compliance with the statutory provisions granting the right to appeal implicate an appellate court's jurisdiction and its competency to act. Absent extraordinary circumstances, an appellate court lacks the power to enlarge or extend the time provided by statute for taking an appeal. Thus, an appellant's failure to appeal timely an order generally divests the appellate court of its jurisdiction to hear the appeal.

*Commonwealth v. Williams*, 106 A.3d 583, 587 (Pa. 2014) (citation omitted). Thus, we are constrained to quash this appeal.

Nevertheless, our review of the document filed by Appellant on November 13, 2018 — which the clerk of courts described as a "Statement of

Matters Complained on Appeal"[8] — reveals that it was, in actuality, an attempt by Appellant to file a second PCRA petition. The statement provides the procedural history of his first petition, which he concludes was "in limbo," and states, "now comes a second PCRA under untimely manner." Appellant's "Statement of Matters Complained on Appeal," 11/13/18, at 1. Appellant then invokes the newly discovered facts timeliness exception to the PCRA. ***Id. See*** 42 Pa.C.S. § 9545(b)(1)(ii) (PCRA petition must be filed within one year of date judgment of sentence is filed unless petitioner pleads and proves, *inter alia*, "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence").

Accordingly, we conclude that the PCRA court should have construed Appellant's November 13, 2018, filing to be a second PCRA petition. Thus, we remand this case to the PCRA court to allow Appellant to proceed in this matter. The court shall consider Appellant's second PCRA petition to have been filed on November 13, 2018.

Appeal quashed. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

President Judge Emeritus Stevens joins this Memorandum.

Judge Shogan Concurs in the result.

---

[8] Docket Entry, 11/13/18.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/24/20