J-S27014-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD DENNIS | : | |
| | : | |
| Appellant | : | No. 2608 EDA 2018 |

Appeal from the Order Entered August 15, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003567-2012

BEFORE:   SHOGAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY SHOGAN, J.:                       **FILED OCTOBER 30, 2020**

Appellant, Richard Dennis, appeals from the order denying his petition

for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.

§§ 9541–9546.  We affirm.

The PCRA court summarized the procedural history of this case as

follows:

> On February 20, 2015, at the conclusion of his bifurcated jury trial, [Appellant] was found guilty on the charges of Possession of a Firearm by a Person Prohibited,[1] Carrying a Firearm without a License,[2] and carrying a firearm on the streets of Philadelphia.[3]  On April 30, 2015, [Appellant] was sentenced to an aggregate period of confinement of 9 to 20 years.  On May 10, 2015, [Appellant] timely filed post-trial motions, which the [c]ourt denied on September 21, 2015, after a hearing.
>
> [1] Pursuant to 18 Pa.C.S.A. §6105(a)(1)[.]
> [2] Pursuant to 18 Pa.C.S.A. §6106[.]

_____

[*] Former Justice specially assigned to the Superior Court.

[3] Pursuant to 18 Pa.C.S.A. §6108[.]

On September 21, 2015, [Appellant] timely filed a direct appeal to the Superior Court of Pennsylvania, at 3122 EDA 2015, which affirmed his judgment of sentence on May 22, 2017. [Appellant] did not file a petition for allowance of appeal to the Supreme Court of Pennsylvania.

On September 22, 2017, [Appellant] timely filed the instant PCRA petition. On April 23, 2018, the Commonwealth filed a motion to dismiss. On May 11, 2018, after a hearing, the [c]ourt issued a notice of intent to dismiss pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure. On August [15], 2018,[1] the [c]ourt, after a hearing and receiving no response to its Rule 907 notice, dismissed [Appellant's] PCRA petition.

On September 6, 2018, [Appellant] . . . filed the instant appeal to the Superior Court of Pennsylvania.[2] On September 10, 2018, this [c]ourt filed and served on [Appellant] an Order pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, directing [Appellant] to file and serve a Statement of Errors Complained of on Appeal, within twenty-one days of the Court's Order. On September 18, 2018, [Appellant] timely filed his Statement of Matters Complained of on Appeal.

By Order dated June 14, 2019, the Superior Court, finding [Appellant's] original notice of appeal to be deficient, directed [Appellant] to show cause why his appeal should not be quashed. On June 24, 2019, [Appellant] filed an "Amended Notice of Appeal." On July 11, 2019, this Court filed and served on [Appellant] a second Order pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, directing [Appellant] to file and serve a Statement of Errors Complained of on Appeal, within twenty-one days of the [c]ourt's Order. Although, to date [Appellant] has not responded, the [c]ourt accepts [Appellant's] amended notice of appeal was intended to correct the deficiencies in his original notice. The [c]ourt, therefore, assumes [Appellant]

---

[1] The order denying Appellant's PCRA petition was entered on the docket on August 15, 2018.

[2] As will be discussed *infra*, the timeliness of Appellant's notice of appeal is of issue.

intended to proceed in reliance on his initial statement of matters and is thus deemed compliant.

PCRA Court Opinion, 9/26/19, at 1-3.

Appellant presents the following issues for our review:

1.  Did the court abuse its discretion in dismissing a PCRA, where trial counsel was ineffective for failing to request a new trial on the basis of inadmissable and irrelevant testimony regarding a firearm that was not the firearm in the subject crime was presented that was so harmful to require a new trial?

2.  Did the court abuse its discretion in in dismissing a PCRA on the basis trial counsel was ineffective in stipulating to operability of the firearm?

Appellant's Brief at 6 (full capitalization omitted).

Before we may consider any substantive claims raised by Appellant, we must determine if this appeal is properly before us.  As this Court alerted Appellant in the rule to show cause, the counseled notice of appeal "fails to state the date of the order being appealed."[3]  Show Cause Order, 6/14/19. The order further directed Appellant to show cause "why this appeal should not be quashed as having been taken from a purported order which is not entered upon the appropriate docket of the lower court.  *See* Pa.R.A.P. 301(a)(1)."  *Id.*  In his counseled response to the rule to show cause, Appellant stated that "counsel had subsequently filed an amended notice of

_____

[3] The notice of appeal, which does not include the date of the order being appealed, is defective.  Pa.R.A.P. 904.

- 3 -

appeal with the lower court." Answer to Rule to Show Cause, 6/24/19, at 1.

Appellant further stated:

> The Commonwealth of Pennsylvania suffers no prejudice should this appeal continue as the appropriate Order was ledgered on the docketing statement and the court's Opinion, which has already been filed, reflects the Order which was intended to be appealed. Any failure to include the date of the Order of the Notice of Appeal was a clerical error.

*Id.* at 1. Appellant attached to his Answer to Rule to Show Cause, as "Exhibit A," the amended notice of appeal which stated the following: "NOTICE IS HEREBY GIVEN that [Appellant], hereby appeals to the Superior Court of Pennsylvania from the Order entered in this matter JUNE 15, 2018, denying the PCRA." Answer to Rule to Show Cause, 6/24/19, at 4, "Exhibit A." The docket reflects that this Amended Notice of Appeal was filed on June 24, 2019.[4]

Rule 301 of the Pennsylvania Appellate Rules, provides, in relevant part: "[N]o order of a court shall be appealable until it has been entered upon the appropriate docket in the trial court." Pa.R.A.P. 301(a)(1). Furthermore, Pa.R.A.P 904(e) states: "The notice of appeal shall include a statement that the order appealed from has been entered on the docket." We note that "[i]t is implicit in Pennsylvania Rule of Appellate Procedure 904, which governs the content of the notice of appeal, that the correct date of the order appealed

---

[4] This Court issued an order discharging the Rule to Show Cause on September 12, 2019, referring the matter to the panel assigned to consider the merits of the appeal.

should be included in the notice of appeal." ***Commonwealth v. Martin***, 462 A.2d 859, 860 (Pa. Super. 1983), *disapproved on other grounds*, ***Commonwealth v. Graves***, 508 A.2d 1198 (Pa. 1986).

Here, the notice of appeal filed September 6, 2018, does not identify any docketed order from which the appeal purportedly was taken. On that basis alone, we could quash this appeal. Additionally, we note that in response to the rule to show cause, Appellant indicated that he filed an amended notice of appeal. The amended notice of appeal states that Appellant is appealing from the order entered on June 15, 2018. A review of the record, however, reflects no docketed order issued on that date. Moreover, Appellant's amended notice of appeal filed on June 24, 2019, arguably from the August 15, 2018 order, is manifestly untimely. ***See*** Pa.R.A.P. 903(a) (notice of appeal must be filed within 30 days after entry of order on appeal).

Furthermore, even if we were to overlook these multiple errors and determine that Appellant intended to appeal the August 15, 2018 order dismissing his PCRA petition, and had timely appealed, we would conclude that his claims for relief on appeal lacked merit. The PCRA court's Pa.R.A.P. 1925(a) opinion thoroughly and accurately addresses Appellant's issues. Thus, if we were to reach the merits of Appellant's claims, we would affirm

the PCRA court's decision dismissing Appellant's appeal from the denial of his PCRA petition.[5]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/30/20

_____

[5] The parties are directed to attach a copy of the PCRA Court's Opinion filed September 26, 2019, in the event of further proceedings in this matter.

COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | PCRA |
| | : | |
| v. | : | |
| | : | |
| RICHARD DENNIS | : | CP-51-CR-0003567-2012 |

**OPINION**

## STATEMENT OF THE CASE

Defendant is appealing the dismissal of his PCRA petition as having no merit. Defendant essentially complains that trial counsel erred in failing to challenge the operability of his firearm and failing to object to the admission of an "uncharged" firearm into evidence. He further complains the Court erred in failing to hold an evidentiary hearing. Defendant's complaints are without merit.

## PROCEDURAL HISTORY

On February 20, 2015, at the conclusion of his bifurcated jury trial, Defendant was found guilty on the charges of Possession of a Firearm by a Person Prohibited,[1] Carrying a Firearm without a License,[2] and carrying a firearm on the streets of Philadelphia.[3] On April

---

[1] Pursuant to 18 Pa.C.S.A. §6105(a)(1)
[2] Pursuant to 18 Pa.C.S.A. §6106
[3] Pursuant to 18 Pa.C.S.A. §6108

30, 2015, Defendant was sentenced to an aggregate period of confinement of 9 to 20 years. On May 10, 2015, Defendant timely filed post-trial motions, which the Court denied on September 21, 2015, after a hearing.

On September 21, 2015, Defendant timely filed a direct appeal to the Superior Court of Pennsylvania, at 3122 EDA 2015, which affirmed his judgment of sentence on May 22, 2017. Defendant did not file a petition for allowance of appeal to the Supreme Court of Pennsylvania.

On September 22, 2017, Defendant timely filed the instant PCRA petition. On April 23, 2018, the Commonwealth filed a motion to dismiss. On May 11, 2018, after a hearing, the Court issued a notice of intent to dismiss pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure. On August 18, 2018, the Court, after a hearing and receiving no response to its Rule 907 notice, dismissed Defendant's PCRA petition.

On September 6, 2018, Defendant timely filed the instant appeal to the Superior Court of Pennsylvania. On September 10, 2018, this Court filed and served on Defendant an Order pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, directing Defendant to file and serve a Statement of Errors Complained of on Appeal, within twenty-one days of the Court's Order. On September 18, 2018, Defendant timely filed his Statement of Matters Complained of on Appeal.

By Order dated June 14, 2019, the Superior Court, finding Defendant's original notice of appeal to be deficient, directed Defendant to show cause why his appeal should not be quashed. On June 24, 2019, Defendant filed an "Amended Notice of Appeal." On July 11, 2019, this Court filed and served on Defendant a second Order pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, directing Defendant to file and

2

serve a Statement of Errors Complained of on Appeal, within twenty-one days of the Court's Order. Although, to date Defendant has not responded, the Court accepts Defendant's amended notice of appeal was intended to correct the deficiencies in his original notice. The Court, therefore, assumes Defendant intended to proceed in reliance on his initial statement of matters and is thus deemed compliant.

In his statement of matters complained of, Defendant raises two issues, namely:

1. The Court abused its discretion for failing to grant relief and dismissing the PCRA which requested the following:
   (a) An evidentiary hearing
   (b) Relief for prior counsel's failure to argue operability of the alleged firearm
   (c) Relief for prior counsel's failure to object to the admissibility of an uncharged firearm being presented to the jury
2. The Court abused its discretion for failing to vacate the convictions of 6106 and 6108, or grant an evidentiary hearing as all prior counsel was ineffective for failing to argue or raise the issue.

Although Defendant's statement purports to raise only two issues, he, in fact, raises three issues, namely; 1) the Court erred in failing to hold an evidentiary hearing; 2) trial counsel was ineffective in failing to challenge the operability of Defendant's firearm; and; 3) trial counsel was ineffective in failing to object to the admissibility of an uncharged firearm. The Court will address Defendant's second and third complaints first.

**EVIDENCE AT TRIAL**

Philadelphia Police Officer Anthony Washington testified that on the evening of November 7, 2011, at approximately 8:30 p.m., he was on patrol as the passenger with his partner, Officer Carter, in plain clothes, when they responded to a radio call "for a person

3

with a gun" in the vicinity of the 5500 block of Walton Ave. in the City of Philadelphia. (N.T., 2/17/15, pgs. 51, 52) As they approached the area, Officer Washington saw Defendant and a second man, who was tucking a gun into his waist band, running in their direction towards a "minivan," which was running, parked on the corner of 56th Street and Walton Ave. As Defendant entered the rear passenger door and the second man entered the front passenger seat, the minivan sped off. (N.T., 2/17/15, pgs. 58, 60-64, 68, 91)

Officer Washington described Defendant as wearing a black leather jacket with a bullet proof vest under it. (N.T., 2/17/15, pgs. 64, 65) He also identified the second man as Chargomir Abdur-Rasheed. (N.T., 2/17/15, pgs. 69, 73)

On seeing this, the police officers made a U-turn, giving chase and calling for backup. (N.T., 2/17/15, pgs. 64, 74) Officer Washington testified that the minivan pulled to the curb when they activated their lights and siren. He immediately ran to the passenger door calling out; "Show me your hands" several times. He then opened the passenger door and pulled Mr. Abdur-Rasheed out of the minivan as he was attempting to hide his gun under the seat. (N.T., 2/17/15, pgs. 66, 67, 96, 97) He placed Mr. Abdur-Rasheed under arrest after recovering his gun from the front passenger seat. (N.T., 2/17/15, pgs. 67, 81)

Philadelphia Police Officer William Thrasher, testified that on the evening of November 7, 2011, at approximately 8:30 p.m., he was in uniform, on routine patrol as the passenger in a marked police vehicle with his partner, when they responded to a call that Officers Washington and Carter were attempting to stop a fleeing vehicle in the area of the 5500 block of Walton Avenue. They arrived as the fleeing minivan was pulled over. (N.T., 2/18/15, pgs. 16-18, 40)

4

When his car pulled up alongside the driver's side of the minivan, Officer Thrasher exited and was looking inside just as Officer Washington opened the passenger door. When the interior light came on, he saw Defendant "stuffing a handgun in between the seats." (N.T., 2/18/15, pgs. 19, 20, 24, 41, 42) He immediately ran around the minivan to the rear passenger door and removed Defendant. After placing him in "cuffs'" he recovered Defendant's gun, which was clearly visible, in a large leather jacket found between the seats. (N.T., 2/18/15, pgs. 25, 26, 30-32, 56)

## DISCUSSION OF THE ISSUES RAISED

The statutory intent of the PCRA Act is to function as an extraordinary proceeding designed to provide relief to "persons convicted of crimes they did not commit and serving illegal sentences." (42 Pa.C.S.A. 9542) It is not meant to function as a substitute for or a continuation of direct appellate rights. Therefore, in pursuing PCRA relief, applicants must establish through their pleading, sufficient grounds to justify the granting of relief. Consequently, claims of ineffectiveness are subject to specific pleading and proof requirements under the PCRA act. "Mere boilerplate assertions......are inadequate to prove the effective denial of the right to counsel necessary to warrant PCRA relief. *Commonwealth v. Simmons*, 804 A.2d 625, 639 (Pa. 2001)

When the issue of the ineffectiveness of counsel is raised; "Counsel is presumed to have been effective and the defendant has the burden of proving otherwise." *Commonwealth v. Tilley*, 780 A.2d 649, 652 (Pa. 2001) Defendant, in seeking PCRA relief on the grounds of ineffective assistance of counsel must plead and establish by a "reasonable probability" that the outcome of his trial would have been different but for

counsel's ineffectiveness. The essence of a claim of ineffective assistance of counsel is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect. *Commonwealth v. Wantz*, 84 A.3d 324, 331 (Pa. 2014) Our Supreme Court, in *Commonwealth v. Lesko*, 15 A.3d 345 (Pa. 2011), reaffirmed its previously enunciated *Strickland/Pierce[4]* test, which established that in order to prevail in his complaint that counsel was ineffective Defendant must satisfy a three prong test. That is, he must establish: "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error." *Id.*, at 373 "With regard to the second, *i.e.*, the reasonable basis prong, we will conclude that counsel's chosen strategy lacked a reasonable basis only if Appellant proves that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." *Commonwealth v. Spotz*, 18 A.3d 244, 260 (Pa. 2011) (Internal citations and quotations omitted) When prejudice cannot be presumed, Defendant must plead and prove actual prejudice under "*Strickland*." *Commonwealth v. Reaves*, 923 A.2d 1119, 1127 (2007) "The *Strickland* test for prejudice requires a showing of a reasonable probability that the outcome of the...proceeding...would have been different." *Commonwealth v. Daniels*, 104 A.3d 267,

---

[4] *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984); *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973, 975 (1987)

6

296-97 (Pa. 2014)  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Commonwealth v. Spotz, Supra.*

"A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim." *Commonwealth v. Watson,* 835 A.2d 786, 793 (Pa. Super. 2003) Furthermore, "a court is not required to analyze the elements of an ineffectiveness claim in any particular order of priority; instead, if a claim fails under any necessary element of the *Strickland* test, the court may proceed to that element first. *Lesko,* at 374 (2011)

"Generally, where matters of strategy and tactics are concerned, counsel's assistance is deemed constitutionally effective if he chose a particular course that had some reasonable basis designed to effectuate his client's interests." *Commonwealth v. Puksar,* 951 A.2d 267, 277 (Pa. 2008) (internal citations omitted) "If it is clear that Appellant has not demonstrated that counsel's act or omission adversely affected the outcome of the proceedings, the claim may be dismissed on that basis alone and the court need not first determine whether the first and second prongs have been met." *Commonwealth v. Albrecht,* 554 Pa. 31, 46, 720 A.2d 693, 701 (1998)

## I.   COUNSEL PROPERLY STIPULATED TO THE OPERABILITY OF DEFENDANT'S FIREARM.

In his second statement of matters, Defendant complains that trial counsel erred in failing to "to argue operability" of Defendant's firearm. Defendant misstates the record. Defendant's complaint is without merit.

7

At the conclusion of the Commonwealth's case in chief, counsel entered into a stipulation regarding the operability of the gun recovered from Defendant. It was stipulated that;

> "if Firearms Examiner John Cannon was called to testify, he would testify in his capacity as an expert with the Philadelphia Police Department Firearms Identification Unit.
>
> ...
>
> Officer Cannon was in receipt of that firearm and he made the following findings. It was a Smith & Wesson U.S. Army model 1917 revolver .45 caliber, with a serial number of 17017. It had a barrel length of five-and-a-half inches, the grip was brown wood, it has a maximum capacity of six.
>
> Officer Cannon test fired that firearm and it was in fully operable condition at the time the defendant possessed it.
>
> ...
>
> The firearm will discharge .45 automatic ammunition as designed, however, half-moon clips that were not submitted are needed for proper extraction.
>
> The following ballistics were recovered from inside of the firearm, one Winchester cartridge and five Federal cartridges, and they were all .45 caliber." (N.T., 2/18/15, pgs. 86, 87)

Defendant's assertion that the absence of the "half-moon clips" rendered Defendant's gun inoperable, is a canard which is belied by the record. In his report, Officer Cannon stated that he fired Defendant's gun and found it to be "in a fully operable condition at the time the defendant possessed it." The Court takes judicial notice that Defendant's gun, a revolver designed to fire automatic cartridges, requires "half-moon clips" to extract the cartridges after the gun has been fired.

8

Trial counsel's strategy in entering into a stipulation regarding the operability of Defendant's gun was reasonable under the circumstances. Not only would a challenge to the operability of Defendant's gun have been baseless, it would have drawn further attention to Defendant's possession of the gun. The Court finds that Defendant's underlying claim has no arguable merit and that Defendant was not prejudiced by counsel's trial strategy, that is, there is no reasonable probability that the result of the proceeding would have been different.

## II. THE ADMISSION INTO EVIDENCE OF TWO FIREARMS AT TRIAL WAS PROPER.

In his third statement of errors, Defendant essentially complains, trial counsel erred in failing to "object to the admissibility of an uncharged firearm being presented to the jury. Defendant's complaint is without merit.

"Questions concerning the admissibility of evidence lie within the sound discretion of the trial court, and we will not reverse the court's decision on such a question absent a clear abuse of discretion." *Commonwealth v. Maloney*, 876 A.2d 1002, 1006 (Pa. Super. 2005) "Evidence is not unfairly prejudicial simply because it is harmful to the defendant's case. Rather, exclusion of evidence on this ground is limited to evidence so prejudicial that it would inflame the jury to make a decision based upon something other than the legal propositions relevant to the case." **Commonwealth v. Foley**, 38 A.3d 882, 891 (Pa. Super. 2012) (Internal citations and quotations omitted)

It is clear that it was proper to admit into evidence the Defendant's gun that Officer Thrasher saw him "stuffing" between the seats. At the time of Defendant's arrest, both

9

guns recovered by the arresting officers were placed in a single evidence bag and listed on a single property receipt. (N.T., 2/17/15, pg. 71) (N.T., 2/18/15, pgs. 24, 27-29, 54) Since both guns recovered from the minivan were placed in the same evidence bag, it was critical at trial to draw a clear distinction between the sources of these two guns. Officer Washington testified that he recovered a "chrome, with a white handle, Cobra 38 Special revolver..." from the man sitting in the front passenger seat and who he subsequently arrested. (N.T., 2/17/15, pg. 70, 72) Officer Thrasher identified the gun he saw Defendant "stuffing between the seats as a "black in color Smith & Wesson .45 caliber revolver, with a brown wooden handle..." (N.T., 2/18/15, pgs. 28, 29)

The testimony of the officers, coupled with the visual presence of the two revolvers, drew a distinction sufficiently clear for the jury to determine who possessed which gun. The Court finds that, although this evidence may have been harmful to Defendant, it was not "so prejudicial that it would inflame the jury to make a decision based upon something other than the legal propositions relevant to the case."

In order to sustain his burden, Defendant must establish by a "reasonable probability" that he was prejudiced by trial counsel's actions. That is, he must establish that the outcome of his trial would have been different but for counsel's ineffectiveness. Even if counsel had succeeded in objecting to the admission of both guns, the evidence and eyewitness testimony against Defendant was more than sufficient to sustain the jury's conviction.

The Court finds that the admission of the second gun was not so prejudicial that it would have inflamed "the jury to make a decision based upon something other than the legal propositions relevant to the case." Therefore, Defendant was not so prejudiced by

10

trial counsel's strategy, that there was a "probability that the result of the proceeding would have been different."

## III. DEFENDANT HAS FAILED TO MEET HIS BURDEN WARRANTING AN EVIDENTIARY HEARING.

In his first statement of errors, Defendant simply complains the Court erred in failing to hold an evidentiary hearing. Defendant's complaint is without merit.

There is no absolute right to an evidentiary hearing under the PCRA. *Commonwealth v. Hardcastle*, 701 A.2d 541, 542 (Pa. 1997); *In accord, Commonwealth v. Keaton*, 45 A.3d 1050, 1094 (Pa. 2012). A "PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues of material fact, the petitioner is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings...To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." *Commonwealth v. Blakeney*, 108 A.3d 739, 750 (Pa. 2014) (Internal citations omitted) That is, to justify a hearing, Defendant must prove that there is a genuine issue of material fact which could entitle him to relief. *Commonwealth v. Clark*, 961 A.2d 80, 84 (Pa. 2008); *Commonwealth v. D'Amato*, 856 A.2d 806, 820 (Pa. 2004); Pa.R.Crim.P. 908(A)(2).

As discussed above, the Court finds Defendant has not met his burden in establishing the existence of a genuine issue. Therefore, Defendant did not meet his burden in establishing the need for an evidentiary hearing.

11

## III. CONCLUSION

The Court finds that Defendant has failed to meet his burden in establishing that trial counsel was ineffective in stipulating to the operability of Defendant's firearm and in not objecting to the admission of the second firearm. The Court also finds that Defendant has failed to raise any material issues necessitating an evidentiary hearing.

BY THE COURT:

September 26, 2019

, J.
HON. CHARLES J. CUNNINGHAM, III

12