J-S28028-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARIEN WARE | : | |
| | : | |
| Appellant | : | No. 433 EDA 2021 |

Appeal from the Judgment of Sentence Entered January 28, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003635-2019

BEFORE:   BOWES, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED JANUARY 03, 2022**

Appellant, Darien Ware, appeals from the January 28, 2021 Judgment

of Sentence imposed following the court's acceptance of his negotiated guilty

plea.[1] He challenges the trial court's denial of his motion to suppress. As a

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant's timely-filed, *pro se* Notice of Appeal did not specify a date of an order from which he sought review. *See* Pa.R.A.P. 904(d) ("the notice of appeal shall include a statement that the order appealed from has been entered on the docket"). The Court issued a rule to show cause as to why the appeal should not be quashed. In response, Appellant's counsel, who was appointed after Appellant *pro se* filed the notice of appeal, clarified, *inter alia*, that the appeal is from the January 28, 2021 Judgment of Sentence. In light of counsel's response, and this Court's subsequent discharge of the rule to show cause, we decline to quash this appeal. *See* Pa.R.A.P. 105 (instructing this Court to liberally construe the Rules of Appellate Procedure); ***Commonwealth v. Martin***, 462 A.2d 859, 860 (Pa. Super. 1983) (concluding that this Court may disregard an appellant's failure to satisfy Rule 904(d)). We have amended the caption accordingly.

result of his guilty plea, however, Appellant waived his right to appeal from the denial of his motion to suppress. We, thus, affirm.

On April 6, 2019, Officer Joseph Kochmer of the Philadelphia Police Department and his partner heard gunshots while patrolling in North Philadelphia. They drove toward the sound of the gunshots and saw a group of people gathered for a party on Susquehanna Street. After speaking with the group, Officer Kochmer was about to drive away when he saw Appellant walking away, holding what Officer Kochmer believed to be an open container of alcohol in one hand in violation of a city ordinance.[2] Officer Kochmer asked Appellant to stop walking,[3] but Appellant looked at the officer, increased his pace, entered a nearby house and locked the screen door. Through the screen door, Officer Kochmer observed Appellant take a gun out of his waistband and throw it under a dining room table. Soon after, a resident of the home opened the door and allowed Officer Kochmer and his partner to enter. The resident told the officers that Appellant was not supposed to be there and asked them to remove him. After a brief struggle, the officers handcuffed Appellant and arrested him.

---

[2] N.T. Suppression, 1/28/21, at 9; **see also** Phila. Code § 10-604(2)(b) (prohibiting "carry[ing] open container[s] of alcoholic beverages in the public right-of-way").

[3] Officer Kochmer testified at Appellant's suppression hearing that, based on the way that Appellant was walking, he believed that Appellant was carrying a concealed firearm in his waistband. **Id.**, at 9-10.

- 2 -

The Commonwealth charged Appellant with Possession of Firearm With Altered Manufacturer's Number, Firearms Not to be Carried Without a License, Carrying Firearms in Public in Philadelphia, and Resisting Arrest.[4] On January 28, 2021, at a pretrial hearing, Appellant orally moved to suppress the evidence obtained during his arrest. The court then conducted a suppression hearing, at which Officer Kochmer testified. The court denied the motion.

Immediately thereafter, Appellant entered into a negotiated guilty plea in which he pled guilty to Possession of Firearm With Altered Manufacturer's Number and Firearms Not to be Carried Without a License, in exchange for the dismissal of his other charges and a negotiated sentence of 18-36 months' incarceration. Before accepting Appellant's plea, the court conducted a thorough and detailed on-the-record colloquy to ensure that Appellant understood his rights, the nature and basis of his plea, and the consequences of accepting it. As part of this colloquy, the court explained to Appellant that, by pleading guilty, he was "giving up" his right to challenge the admissibility of any evidence or litigate any pretrial motions, and that he would "give up most of [his] rights to appeal to a higher court" except on the grounds of (1) jurisdiction, (2) illegality of sentence, (3) involuntariness of plea, or (4) ineffective assistance of counsel. N.T. Suppression, 1/28/2021, at 54-56. Appellant confirmed that he understood. Appellant's counsel provided the court with Appellant's signed, written plea colloquy. The court accepted

---

[4] 18 Pa.C.S. §§ 6110.2(a), 6106(a)(1), 6108, and 5104, respectively.

Appellant's plea and immediately imposed the negotiated 18- to 36-month sentence, with credit for time served. Appellant's counsel again informed Appellant that he had the right to appeal based only on the four grounds indicated earlier by the trial court.

Appellant timely filed a Notice of Appeal, and both he and the trial court complied with Pa.R.A.P 1925. Appellant presents the following issue for our review:

> Did the Suppression Court correctly rule that the investigative detention of the Appellant was legal?

Appellant's Br. at 3 (unnecessary capitalization omitted).

Appellant challenges the trial court's denial of his suppression motion. It is well-settled, however, that "upon entry of a [negotiated] guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and . . . the 'legality' of the sentence imposed[.]" *Commonwealth v. Eisenberg*, 98 A.3d 1268, 1275 (Pa. 2014). Thus, by pleading guilty, an appellant waives his right to challenge the denial of his suppression motion. *Commonwealth v. Perel*, 107 A.3d 185, 197 n.14 (Pa. Super. 2014).

In the instant case, the trial court correctly noted that, because Appellant pleaded guilty, he waived this issue on appeal. Trial Ct. Op., 4/26/21, at 3. In his brief, Appellant ignores this fatal defect while addressing only the merits of his issue.

With the entry of his guilty plea, Appellant waived any challenge to the court's suppression order. Because we find that Appellant waived his lone issue on appeal, we affirm the Judgment of Sentence.

Judgment of Sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 1/3/2022*