J-S12011-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NELSON GIDDINGS | : | |
| | : | |
| Appellant | : | No. 1577 EDA 2020 |

Appeal from the Order Entered August 6, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003119-2018

BEFORE:  LAZARUS, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                **FILED:  JUNE 3, 2021**

Nelson Giddings appeals *nunc pro tunc* from the order,[1] entered in the

Court of Common Pleas of Philadelphia County, granting him *nunc pro tunc*

---

[1] On September 30, 2020, our Court issued a rule to show cause (RTSC) as to why the instant appeal should not be quashed because Giddings is not an aggrieved party from the August 6, 2020 order granting him *nunc pro tunc* relief.  **See** Pa.R.A.P. 501.  While counsel filed a response that did not directly address the concern in our RTSC, on December 7, 2020, our Court entered an order informing the parties that the issue raised in the RTSC "will be referred to the panel assigned to decide the merits of the appeal."  Order, 12/7/20.

We note that "[i]t is implicit in Pennsylvania Rule of Appellate Procedure 904, which governs the content of the notice of appeal, that the correct date of the order appealed should be included in the notice of appeal."  **Commonwealth v. Martin**, 462 A.2d 859, 860 (Pa. Super. 1983), *overruled on other grounds*, **Commonwealth v. Graves**, 508 A.2d 1198 (Pa. 1986).  Here, the notice of appeal states that the appeal is from the August 6, 2020 order—granting Giddings *nunc pro tunc* appellate rights—rather than from his underlying judgment of sentence.  On that basis alone, we could quash this appeal. However, we are cognizant of the fact that our rules of appellate procedure "shall be liberally construed to secure the just, speedy[,] and inexpensive

*(Footnote Continued Next Page)*

rights to appeal from his June 21, 2019 judgment of sentence. After careful

review, we affirm.

On April 8, 2019, Giddings entered an open guilty plea to third-degree

murder and related offenses in connection with the death of a sixty-five-year-

old woman who he fatally shot three times in the abdomen and torso. The

facts underlying this matter were set forth by the trial court as follows:

> On Friday, February 3, 2017, at approximately 8:28 p.m., there was a well-being check for 327 North Holly Street, [where the decedent, Winifred Harris, lived.] When officers arrived, they noticed there was a window open in the back and they were unable to get into any of the doors of the home. The officers went to the back of that property and gained access to the property through the second story window, which led them to the bathroom and into the hallway of the decedent's home.
>
> The officers found [the decedent's] body just inside of her bedroom, which is in the front of the property. It was apparent to the officers at the time that she was suffering from multiple gunshot wounds. The medical examiner's office arrived and pronounced her dead on the scene.
>
> [Philadelphia Homicide] Detective Tolliver investigated this case and found the following: []n the late hours of February 1, 2017, going into the early hours of February 2, 2017, Lakesha [sic]

---

determination of every matter." Pa.R.A.P. 105. Here, Giddings filed his notice of appeal within 30 days of the date that his appellate rights were reinstated *nunc pro tunc*. **See** Pa.R.A.P. 903 (time for appeal). Notably, Pa.R.A.P. 902 states that the "[f]ailure of an appellant to take *any step other than the timely filing of a notice of appeal* does not affect the validity of the appeal, but it is subject to such action as the appellate court deems appropriate, which may include, but is not limited to, remand of the matter to the lower court so that the omitted procedural step may be taken." Pa.R.A.P. 902 (emphasis added). Here, it is obvious from Giddings' appellate brief, as well as the criminal docketing statement indicating that he is challenging the discretionary aspect of his sentence on appeal, that Giddings is appealing from his June 21, 2019 judgment of sentence. Therefore, we decline to quash the instant appeal.

McGruder, [Giddings], and Isaiah Reels went to . . . 300 North Busti Street and [had] a conversation about robbing and burglarizing a man [named Theodore Williams, or Teddy.] He was known to keep drugs and money in the backyard of his property on Holly Street, and was [the decedent's neighbor.] [Giddings, McGruder, and Reels] . . . drove to 41st Street, which is around the corner from [the decedent's home. Giddings] then exited the vehicle with Reels. They walked down an alley near the back of the properties. Reels acted as a lookout for [Giddings], and [Giddings] went to the back where he drew out a firearm prior to entering the home.

[Giddings] went into the back of the property where [the decedent] lived and entered her house through that second story window, using a crowbar. [U]pon entering the home, [the decedent was there, and she was awake. Giddings] shot her three times. He shot her [once] in the torso [and twice in the abdomen]. Two of those shots were fatal.

[As Giddings left the decedent's home,] there was a 911 call from a neighbor in which she reported to police that she heard screams and cries for help from [the decedent. Giddings got] into the vehicle with McGruder and also met up with Reels. . . . [S]everal days later, the three convened again and [Giddings] told all of them that he had shot the [decedent]. He told them he got the wrong house.

[Giddings made] . . . phone calls in Delaware County where . . . he would talk about his involvement in this case. He sent a letter to McGruder talking about his involvement in the case, and eventually [gave] a statement to Detective Tolliver where he admitted all but shooting [the decedent]. He said that it was him, that he was there, but refused to acknowledge the fact that he went into the home.

[Giddings] is on video. . . . [The video] shows [Giddings] going up [a T-bone alley. Reels and [Giddings] go down an alley but then Giddings goes] into that back access area. He [goes] off screen . . . for about an hour until that 911 call comes [in.] He then reappeared in the alley, walked out with his gun still in his hand. The time [that Giddings] left corresponds directly to when that 911 call comes [in].

[Giddings] does not have a license to carry a firearm, and he is also a convicted felon, which would make [him] statutorily ineligible . . . to have that firearm in the first place.

- 3 -

Trial Court Opinion, 10/10/19, at 2-3 (citation and indentations omitted).

On April 8, 2019, Giddings entered an open guilty plea to third-degree murder,[2] burglary,[3] robbery,[4] conspiracy to commit burglary,[5] possession of an instrument of crime (PIC),[6] and two firearms offenses.[7]  On June 21, 2019, the trial court sentenced Giddings to an aggregate sentence of 35-70 years' imprisonment.  Giddings filed a timely post-sentence motion to reconsider his sentence, which the trial court denied.   Giddings then filed an untimely direct appeal, which our Court quashed on March 12, 2020.  **See** Order, 3/12/20. Giddings filed a petition to reinstate his appellate rights *nunc pro tunc*, which the trial court granted on August 6, 2020.  He then filed a timely notice of appeal, **see supra** at n.1, and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  On appeal, Giddings presents one issue for our consideration:  "Whether the trial court erred in imposing an unreasonable sentence that does not comport with the applicable sentencing guidelines."  Appellant's Brief, at 3.

---

[2] 18 Pa.C.S. § 2502(c).

[3] 18 Pa.C.S. § 3502(a)(11).

[4] 18 Pa.C.S. § 3701(a)(11).

[5] 18 Pa.C.S. § 903.

[6] 18 Pa.C.S. § 907(a).

[7] 18 Pa.C.S. § 6108 (carrying firearms in public in Philadelphia); **id.** at § 6106(a)(1) (firearms not to be carried without license).

A challenge to the discretionary aspects of sentencing is not an appeal guaranteed of right; rather, a defendant's appeal is considered a petition for permission to appeal. *Commonwealth v. Williams*, 562 A.2d 1385, 1386-87 (Pa. Super. 1989) (en banc). An objection to the discretionary aspect of sentencing is waived if it is not raised at the sentencing hearing or in a motion to modify sentencing. *Commonwealth v. Anderson*, 830 A.2d 1013, 1017 (Pa. Super. 2003). An appellant who challenges the discretionary aspects of his sentence must include in his brief a concise statement of the reasons relied upon for allowance of appeal. Pa.R.A.P. 2119(f). In addition, appellate review will only be granted if the appellant raises a substantial question. 42 Pa.C.S.A. § 9781(b); *Commonwealth v. Byrd*, 657 A.2d 961, 963 (Pa. Super. 1995); *Williams*, 562 A.2d at 1387. The existence of a substantial question must be determined on a case-by-case basis. *Commonwealth v. Cruz-Centeno*, 668 A.2d 536, 545 (Pa. Super. 1995).

Giddings filed a timely post-sentence motion requesting the court reconsider his sentence. Additionally, he has filed a timely notice of appeal and has also included in his brief a concise statement of reasons relied upon for appeal pursuant to Rule 2119(f). Accordingly, we must now determine whether Giddings has raised a substantial question for our review.

In his Rule 2119(f) statement Giddings claims that:

> At the earliest, [he] will be in his mid-seventies before becoming eligible for parole [and that d]espite [his] tendering a non-negotiated/open guilty plea, and expressing sincere remorse at the time of sentencing for his actions that led to decedent's death, the sentence imposed is a *de facto* life sentence, as there is only

a slim probability that [he] will live to see parole as the National [C]enter for Health Studies places the average life expectancy for black males at 71.8 years.

Appellant's Brief, at 8-9.

We find that Giddings has presented a substantial question invoking our appellate jurisdiction of his discretionary sentencing claim. **Commonwealth v. Foust**, 163 A.3d 410 (Pa. 2017). However, we agree with the trial court that the claim has no merit.

Here, the sentencing court considered: the seriousness of crime (the murder of an unarmed sixty-five year old woman during a botched attempted robbery of the decedent's neighbor); a pre-sentence investigation (PSI) report;[8] mental health reports; and various mitigating factors (including Giddings' history of being abused as a child both mentally and physically and his post-traumatic stress disorder). Moreover, the trial judge sufficiently explained her reasons, on the record, for imposing an aggravated-range sentence on Giddings' conspiracy conviction, which included Giddings' lack of remorse, failed past attempts at rehabilitation, and lengthy criminal history. **See** 42 Pa.C.S. § 9721(b).

_____

[8] Where, as here, the court is in possession of a presentence report (PSI), we "presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." **Commonwealth v. Watson**, 228 A.3d 928, 936 (Pa. Super. 2020), quoting **Commonwealth v. Devers**, 546 A.2d 12, 18 (Pa. 1988).

In **_Foust_**, **_supra_**, our Supreme Court concluded that we "must consider the individual sentences, not the aggregate, to determine if the trial court imposed a term-of-years sentence which constitutes a _de facto_ life sentence. **_Id._** at 438.  Here, the trial court imposed the following sentences:

- Third-degree murder – 20-40 years' imprisonment (**standard-range** sentence);

- Burglary – 5-10 years' imprisonment (**mitigated-range** sentence);
- Conspiracy (burglary) – 5-10 years' imprisonment (**aggravated-range** sentence);

- VUFA § 6105 violation – 5-10 years' imprisonment (**standard-range** sentence).[9]

Viewing Giddings' sentences, individually, as we must under **_Foust_**, we conclude that the trial court's aggregate sentence was not an abuse of discretion.  **_Commonwealth v. Antidormi_**, 961 A.2d 884, 887 (Pa. Super. 2008) (reviewing court gives deference to "sentencing court . . . as [the latter] is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime" and does "not disturb the [latter's] judgment absent a manifest abuse of discretion"); **_Commonwealth v. Rodda_**, 723 A.2d 212, 214 (Pa. Super. 1999) (en banc) ("Sentencing is a matter vested in the sound discretion of the

---

[9] Giddings also entered open guilty pleas to robbery, PIC, and section 6106 and 6108 VUFA violations, but received no penalty for those offenses.

sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion.").

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/3/21