J-S09015-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                    :              PENNSYLVANIA
                    :
         v.               :
                    :
                    :
KERRY RANSOME            :
                    :
      Appellant      :   No. 1341 EDA 2021

Appeal from the PCRA Order Entered June 30, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003919-2016

BEFORE:   LAZARUS, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.:           **FILED MAY 27, 2022**

Kerry Ransome appeals from the order, entered in the Court of Common Pleas of Philadelphia County, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Counsel has also filed a ***Turner***/***Finley***[1] "no-merit" letter seeking to withdraw from his representation of Ransome.  After careful review, we grant counsel's petition to withdraw and affirm.

On March 11, 2016, Ransome kicked open the door to the victim's residence, pointed a gun at her head, and struck her in the head with the firearm before fleeing the scene.  Ransome and the victim had been dating

---

[*] Former Justice specially assigned to the Superior Court.

[1] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (en banc).

prior to the incident. The victim was treated at a nearby hospital for a forehead laceration.

Following a waiver trial, Ransome was found guilty of aggravated assault, burglary, criminal trespass, simple assault, possession of a firearm prohibited, firearms not to be carried without a license, carrying a firearm in public in Philadelphia, possession of an instrument of crime, and recklessly endangering another person. The trial court sentenced Ransome to an aggregate sentence of ten to twenty years in prison, which included a mandatory minimum sentence pursuant to 42 Pa.C.S.A. § 9714 ("two strikes" law).[2]

Ransome filed a direct appeal. On appeal, our Court vacated two of Ransome's firearm convictions after concluding that the Commonwealth did not establish the length of the gun Ransome possessed, and affirmed the judgment of sentence in all other respects. *Commonwealth v. Ransome*, 201 A.3d 825 (Pa. Super. 2018) (Table). Ransome filed an unsuccessful petition for allowance of appeal to the Pennsylvania Supreme Court. *Commonwealth v. Ransome*, 2268 EDA 2017 (Pa. filed April 8, 2019).

On April 2, 2020, Ransome filed a timely PCRA petition, *pro se*, and supporting memorandum of law, raising claims of ineffective assistance of trial and appellate counsel for failing to "contact, interview, or depose [,] call[, or]

_____

[2] Ransome had previously been convicted of robbery.

- 2 -

subpoena witnesses[3] who could have provided testimony that would have been exculpatory to [him]." *Pro Se* PCRA Petition, 4/2/20, at 3.  Specifically, Ransome alleged that these witnesses could attest to the fact that he was the "rent payer" and "rental occupant" of the victim's apartment and, thus, would provide a defense to burglary.  *Id.* at 6.  William J. Ciancaglini, Esquire, was appointed as PCRA counsel and filed an amended PCRA petition.  On March 25, 2021, the PCRA court issued Pa.R.A.P. 907 notice of its intent to dismiss Ransome's petition without a hearing.  Ransome did not file a response to the notice.  The PCRA court dismissed Ransome's petition on June 1, 2021.

On June 29, 2021, Attorney Ciancaglini was relieved of his duties, and current counsel, John Belli, Esquire, was appointed to represent Ransome solely for the purpose of "pursu[ing] any applicable [collateral] appeal to the Superior Court of Pennsylvania."  Order, 7/29/21.  Ransome filed a timely notice of appeal[4] and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

---

[3] Ransome's petition listed the following three witnesses:  Shirley Ransome (Ransome's mother), Donald Hamilton (the victim's landlord), and Probation Officer James Smith.

[4] On August 9, 2021, our Court issued a rule to show cause (RTSC) as to why the instant appeal should not be quashed "having been taken from a purported order which is not entered upon the appropriate docket pursuant to Pa.R.A.P. 301(a)(1)."  Order, 8/9/21.  Counsel filed a response claiming that he "inadvertently listed the date of the order appealed from [as] June 30, 2021, instead of June 1, 2021."  Response to RTSC, 8/9/21.  Counsel asked that our Court not quash the appeal, *see* Pa.R.A.P. 902, and either *sua sponte* correct the defect or issue an order permitting counsel to file an amended notice of
*(Footnote Continued Next Page)*

appeal. On August 10, 2021, our Court entered an order informing the parties that the issue raised in the RTSC "will be referred to the panel assigned to decide the merits of the appeal." *Per Curiam* Order, 9/10/21. On August 11, 2021, counsel filed an "Application to Amend Notice of Appeal." On September 28, 2021, our Court granted counsel's application and directed counsel to file an amended notice of appeal with our prothonotary within seven days. To date, counsel has not filed an amended notice of appeal. However, on October 5, 2021, counsel filed a **Turner**/**Finley** "no merit" letter with this Court indicating that Ransome's collateral appeal is "wholly lacking in merit and is frivolous." "No-Merit" Letter, 10/5/21, at 1. In his letter, counsel notes that he "was . . . appointed and filed a notice of appeal and a [Rule] 1925(b) Statement of Matters" for Ransome. **Id.** at 4.

We note that "[i]t is implicit in Pennsylvania Rule of Appellate Procedure 904, which governs the content of the notice of appeal, that the correct date of the order appealed should be included in the notice of appeal." **Commonwealth v. Martin**, 462 A.2d 859, 860 (Pa. Super. 1983), *overruled on other grounds*, **Commonwealth v. Graves**, 508 A.2d 1198 (Pa. 1986). Here, the notice of appeal states that the appeal is from the June 30, 2021 order denying post-conviction collateral relief. However, the correct date of the order denying PCRA relief is June 1, 2021. On that basis alone, we could quash this appeal. **See** Pa.R.A.P. 904. Nevertheless, we are cognizant of the fact that our rules of appellate procedure "shall be liberally construed to secure the just, speedy[,] and inexpensive determination of every matter." Pa.R.A.P. 105. Here, Ransome filed his notice of appeal within 30 days of the date that the trial court filed the order denying his PCRA petition. **See** Pa.R.A.P. 903 (time for appeal). Notably, Pa.R.A.P. 902 states that the "[f]ailure of an appellant to take *any step other than the timely filing of a notice of appeal* does not affect the validity of the appeal, but it is subject to such action as the appellate court deems appropriate, which may include, but is not limited to, remand of the matter to the lower court so that the omitted procedural step may be taken." Pa.R.A.P. 902 (emphasis added). Here, it is obvious from Ransome's appellate brief, as well as the criminal docketing statement indicating that he is challenging the June 1, 2021 denial of post-conviction relief (and that much has been admitted by counsel in his responses to our Court), that he is seeking to appeal the denial of his PCRA petition. Therefore, we decline to quash the instant appeal. **See Commonwealth v. Lahoud**, 488 A.2d 307 (Pa. Super. 1985) (where incorrect date listed on order in notice of appeal, because appeal otherwise proper, our Court treated defect as harmless and considered merits of appeal).

On October 5, 2021, counsel filed a ***Turner***/***Finley*** "no-merit" letter seeking to withdraw on appeal. In his accompanying brief, counsel raises the following issue for our consideration:

> [Whether t]he PCRA court abused its discretion, and/or ma[d]e a mistake and/or error of law when it denied [Ransome] an evidentiary hearing and then post-conviction collateral relief on his claim alleging that trial counsel provided ineffective assistance of counsel by failing to call as defense witnesses[,] during [Ransome's] trial[,] Shirley Ransome[,] Donald Hamilton, and Probation Officer James Smith for the reasons set forth in [Ransome's] PCRA petition and counsel's amended petition?

***Turner***/***Finley*** Brief, 10/5/21, at 5.

Before we address the merits of Ransome's issue on appeal, we must first review counsel's application to withdraw. With regard to withdrawal from PCRA representation, our Supreme Court has stated that independent review of the record by competent counsel is required before withdrawal is permitted. Such independent review requires proof of: (1) a "no-merit" letter by PCRA counsel detailing the nature and extent of his review; (2) the "no-merit" letter by PCRA counsel listing each issue the petitioner wished to have reviewed; (3) PCRA counsel's explanation, in the "no-merit" letter, as to why the petitioner's issues are meritless; (4) independent review of the record by the PCRA or appellate court; and (5) agreement by the PCRA or appellate court that the petition was meritless. ***Commonwealth v. Rykard***, 55 A.3d 1177, 1184 (Pa. Super. 2012).

In **Commonwealth v. Friend**, 896 A.2d 607 (Pa. Super. 2006),[5] this Court imposed an additional requirement for counsel seeking to withdraw from collateral proceedings:

> PCRA counsel who seeks to withdraw must contemporaneously serve a copy on the petitioner of counsel's application to withdraw as counsel, and must supply to the petitioner both a copy of the "no-merit" letter and a statement advising the petitioner that, in the event that the court grants the application of counsel to withdraw, he or she has the right to proceed *pro se* or with the assistance of privately retained counsel.

*Id.* at 614.

After determining that counsel has satisfied the above technical requirements, this Court must then "conduct a simple review of the record to ascertain if there appears on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." **Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa. Super. 2018) (en banc).

Here, counsel has substantially complied with the **Turner**/**Finley** and **Friend** requirements. Counsel has detailed the nature and extent of his review, served a copy of his petition to withdraw and brief upon Ransome and informed Ransome of his right to proceed *pro se* or with privately retained

---

[5] This Court's holding in **Friend** was subsequently overruled on other grounds by the Supreme Court in **Commonwealth v. Pitts**, 981 A.2d 875, 876 n.1 (Pa. 2009). However, the additional requirement that counsel provide copies of the relevant documentation to the petitioner remains intact. **Commonwealth v. Widgins**, 29 A.3d 816, 818 (Pa. Super. 2011).

counsel,[6] raised Ransome's issues in the form of a brief, and explained why Ransome's claims are meritless.  We now turn to an independent review of the record to determine whether Ransome's claims merit relief.

"We review the denial of PCRA relief to decide whether the PCRA court's factual determinations are supported by the record and are free of legal error." *Commonwealth v. Brown*, 196 A.3d 130, 150 (Pa. 2018).   Moreover,

> [w]hen raising a claim of ineffectiveness for the failure to call a potential witness, a petitioner satisfies the performance and prejudice requirements of the [ineffectiveness] test by establishing that:  (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was

---

[6] In response to counsel's request to withdraw, Ransome filed an application requesting that this Court remand the record to the trial court "to develop a record regarding Attorney Belli's improper request to withdraw his representation in this matter . . .  and to analyze whether counsel's request to withdraw is improper."  Application for Relief, 11/3/21, at 2.  Specifically, Ransome alleges that because this is his first PCRA petition, he is entitled to effective assistance of counsel "during the entirety of the proceedings" and because counsel is seeking to withdraw prior to "receiving a [Rule 1925(a)] opinion from Judge Woelpper . . . to determine whether the PCRA [c]ourt's rationale was free of legal or factual error . . . [counsel] has ignored clear and convincing evidence that supports [Ransome's] claims."  *Id.* at 3-4.

While we look with disfavor upon the court's failure to file a Rule 1925(a) opinion in this appeal, we find that counsel has diligently and conscientiously examined the record and correctly determined that Ransome's issue lacks merit.  Moreover, we note that in *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021), our Supreme Court recently abandoned the Rule 907 approach to preservation of PCRA counsel's ineffectiveness claims and held that a petitioner may, after a PCRA court denies relief and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal.  Therefore, Ransome's reliance on *Pitts*, *supra*, is misplaced, where *Pitts*' approach was "abandon[ed]" in *Bradley*.  *Bradley*, 261 A.3d at 401.   Thus, we deny Ransome's application for remand.

willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial. To demonstrate [] prejudice, a petitioner must show how the uncalled witnesses' testimony would have been beneficial under the circumstances of the case. Thus, counsel will not be found ineffective for failing to call a witness unless the petitioner can show that the witness's testimony would have been helpful to the defense. A failure to call a witness is not *per se* ineffective assistance of counsel[,] for such decision usually involves matters of trial strategy.

***Commonwealth v. Sneed***, 45 A.3d 1096, 1108-09 (Pa. 2012) (citations and quotations omitted).

Instantly, the trial court stated in its Rule 907 notice that it intended to dismiss Ransome's petition, within twenty days, based on the fact that the petition lacked merit for the following reasons:

> Petitioner claims trial counsel was ineffective for failing to call the following witnesses: (1) Shirley Ransome, (2) Donald Hamilton, and (3) Probation Officer James Smither. Petitioner has failed to establish that he was prejudiced by the absence of the witnesses' testimony. Furthermore, as to Probation Officer James Smith, Petitioner has failed to identify the "other material facts" he would have provided.

Rule 907 Notice, 3/25/21. Moreover, even if Ransome was paying the rent for the victim's residence at the time of the incident, Ransome conceded that he did not have a key to the residence and that, at the time of the incident, he was temporarily living with his mother. Additionally, Ransome never testified that he resided with the victim or that he had the right to enter her residence without her permission. ***See*** 18 Pa.C.S.A. § 3502(b) (defense to burglary if "actor is licensed or privileged to enter"). Finally, even if Ransome's mother and the victim's landlord were to testify that Ransome paid rent on

the victim's residence, it would not change the fact that he broke down the door to the residence, entered it without the victim's permission, and struck her in the head with a gun. Accordingly, we agree with the PCRA court that Ransome could not succeed on an ineffectiveness claim for counsel's failure to call Ransome's mother and the victim's landlord where: (1) the victims' testimony would not have been beneficial under the circumstances of the case, and (2) Ransome cannot show that the witnesses' testimony would have been helpful to the defense. **Sneed**, **supra**.

Finally, with regard to Probation Officer Smith, Ransome contends that the officer knew of "[e]vidence of the alleged victim's prior attempts to have [Ransome] falsely accused of crimes." *Pro Se* PCRA Petition, 5/4/20, at 5. Even if Probation Officer Smith would have testified that the victim had falsely accused Ransome of crimes in the past, it would not have been helpful to his current defense[,] where Ransome denied attacking the victim or even being in the vicinity of her residence at the relevant time. Again, this ineffectiveness claim fails. **Id.**

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/27/2022

- 9 -