J-S03028-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARQUELL ROBERT RENTAS | : | |
| | : | |
| Appellant | : | No. 209 MDA 2023 |

Appeal from the PCRA Order Entered December 29, 2022
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0004356-2016

BEFORE:  OLSON, J., NICHOLS, J., and BECK, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED: SEPTEMBER 9, 2024**

Appellant Marquell Robert Rentas appeals from the order denying his timely first Post Conviction Relief Act[1] (PCRA) petition without a hearing. Appellant argues that his conspiracy to commit murder and attempted murder convictions should have merged under 18 Pa.C.S. § 906, which precludes independent sentences for two inchoate crimes with the same target offense. Appellant also contends that his sentence for assault of a law enforcement officer should have merged with his sentence for attempted murder of a law enforcement officer because the assault charge was a lesser-included offense of attempted murder.  We affirm.

---

[1] 42 Pa.C.S. §§ 9541-9546.

The underlying facts of this matter are well known to the parties. ***See*** PCRA Ct. Order & Op., 12/29/22, at 1-2. Briefly, Appellant and his co-defendant were charged with multiple offenses after they opened fire on Sergeant Tim Coyle, Officer Brent Smith, and Officer Chad Nagel in 2016. ***See id.*** Specifically, Appellant was charged with three counts of attempted murder of law enforcement, three counts of assault of law enforcement, one count of REAP, and one count of conspiracy.[2] Ultimately, the jury acquitted Appellant of the attempted murder and assault charges specifically relating to Officer Brent Smith and Officer Chad Nagle. However, the jury found Appellant guilty of both attempted murder and assault of a law enforcement officer with respect to Sergeant Coyle along with REAP and conspiracy concerning all three officers.

On November 1, 2017, the trial court imposed an aggregate sentence of thirty and-a-half to sixty-two years' incarceration. Specifically, the trial court sentenced Appellant to nine and-a-half to twenty years' incarceration for attempted murder of a law enforcement officer, a concurrent nine and-a-half to twenty years' incarceration for conspiracy to commit murder of a law enforcement officer, a consecutive term of twenty to forty years' incarceration for assault of a law enforcement officer, and a consecutive term of one to two years' incarceration for REAP. After this Court affirmed Appellant's judgment of sentence on direct appeal, our Supreme Court denied further review.

---

[2] 18 Pa.C.S. §§ 901(a), 2702.1(a), 2705, and 903(a), respectively.

- 2 -

***Commonwealth v. Rentas***, 2019 WL 641907 at *1, 62 MDA 2018 (Pa. Super. filed Feb 15, 2019) (unpublished mem.), *appeal denied,* 174 MAL 2019 (Pa. filed Oct 1, 2019). Appellant did not seek review with the United States Supreme Court.

On September 16, 2020, Appellant filed a timely *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended petition on Appellant's behalf. Therein, Appellant claimed that his sentence was illegal because (1) the trial court violated the inchoate merger statute at 18 Pa.C.S § 906 by imposing "separate concurrent sentences for conspiracy to commit murder of a law enforcement officer and attempted murder of a law enforcement officer," which had the same target offense; and (2) attempted murder of a law enforcement officer should have merged with assault of a law enforcement officer. Am. PCRA Pet., 4/9/21, at 2-3.[3] Ultimately, the PCRA court denied Appellant's petition.

_____

[3] The record reflects that on October 15, 2021, Appellant filed a counseled motion to amend his PCRA petition. Therein, PCRA counsel indicated that he had received a letter from an individual who stated that it was Appellant's co-defendant who fired the rifle at the police officers. **See** Mot. to Amend, 10/15/21. The PCRA court ultimately concluded that Appellant's supplemental claim was "untimely." **See** PCRA Ct. Order & Op. at 7-9. Although Appellant included that issue in his Rule 1925(b) statement, he does not discuss it in his appellate brief and has abandoned that issue for purposes of appeal. **See** ***Commonwealth v. Heggins***, 809 A.2d 908, 912 n.2 (Pa. Super. 2002) (citation omitted) (stating that "an issue identified on appeal but not developed in the appellant's brief is abandoned and, therefore, waived").

Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court issued a Rule 1925(a) opinion addressing Appellant's claims.

On appeal, Appellant raises the following issues for review:

1. Do convictions for **criminal attempt** at murder of a law enforcement officer, **criminal conspiracy** to murder of a law enforcement officer, and **assault of a law enforcement** officer merge for sentencing purposes because

    a. the inchoate merger statute (18 Pa. C.S. § 906) forbids independent sentences for two inchoate crimes with the same target offense, and

    b. inchoate murder of a law enforcement officer is a lesser included offense of assault of a law enforcement officer?

Appellant's Brief at 4 (formatting altered).

**Inchoate Merger**

In his first claim, Appellant argues that Section 906 precluded the trial court from imposing separate sentences for attempted murder and conspiracy to commit murder. *Id.* at 10. Appellant notes that although the PCRA court concluded that "the conspiracy and attempt counts had different target offenses . . . its distinction is that the attempt was based on [the] shots fired at [Officer] Coyle, but the conspiracy was to murder at least two unnamed police officers." *Id.* at 13. Appellant argues that the PCRA court's "position is specious" because "[w]hile the text of the amended information supports the PCRA court's distinction, the jury's verdict belies it." *Id.* Specifically, Appellant asserts that because the jury found Appellant guilty of attempted

murder with respect to Sergeant Coyle, but not guilty of the attempted murder charges for the other two officers, "[t]he target offense of the conspiracy—as the jury found—was murder of [Sergeant] Coyle." *Id.* at 15. Therefore, Appellant concludes that both attempted murder and conspiracy had the same criminal objective and therefore, the charges should have merged under Section 906. *Id.* at 15-16.

The Commonwealth responds that "[b]ecause the two inchoate crimes involved different victims, they necessarily had different criminal objectives and were therefore separate and distinct crimes, rendering Section 906 of the Crimes Code [] inapplicable." Commonwealth's Brief at 10.

When reviewing the dismissal of a PCRA petition, we consider "whether the PCRA court's determination is supported by the record and free from legal error." *Commonwealth v. Mitchell*, 141 A.3d 1277, 1283-84 (Pa. 2016) (citation omitted). "[O]ur scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party[.]" *Commonwealth v. Howard*, 285 A.3d 652, 657 (Pa. Super. 2022) (citations omitted). We apply a *de novo* standard of review with respect to legal conclusions. *Id.*

This Court has held that the applicability of the inchoate merger statute relates to the legality of sentence, which presents a question of law. *Commonwealth v. Jacobs*, 39 A.3d 977, 982 (Pa. 2012). Therefore, our scope of review is plenary and our standard of review is *de novo*. *Id.*

Section 906 of the Crimes Code provides that "[a] person may not be convicted of more than one of the inchoate crimes of criminal attempt, criminal solicitation or criminal conspiracy for conduct designed to commit or to culminate in the commission of the same crime." 18 Pa.C.S. § 906.

Our Supreme Court has explained that "[b]y enacting Section 906, the General Assembly has plainly indicated that cumulative punishment for inchoate crimes is specifically prohibited, regardless of whether those crimes would otherwise merge, where the inchoate crimes involve 'conduct designed to commit or to culminate in the commission of the same crime.'" **Commonwealth v. King**, 234 A.3d 549, 571 (Pa. 2020). Further, "[b]y enacting Section 906, the General Assembly declared that where a defendant tries to achieve a result . . . but fails to do so, he may only be punished once in the absence of distinct criminal objectives." **Id.** at 572.

Our Supreme Court has explained:

Applying Section 906, we have held that "inchoate crimes merge only when directed to the commission of the same crime, not merely because they arise out of the same incident." **Commonwealth v. Graves**, 508 A.2d 1198, 1198 (Pa. 1986) (*per curiam*). In determining whether inchoate crimes are directed to the commission of the same crime, we have taken a narrow view of the object crime. In **Graves**, for example, the defendant was convicted and sentenced for criminal conspiracy and criminal solicitation for his part in an incident in which he conspired with fellow gang members to assault three police officers, and individually solicited one gang member to murder one police officer. Consecutive sentences were imposed for the conspiracy and solicitation. On appeal, this Court approved of the two sentences. We held that our review of the record revealed that even though the two inchoate crimes arose out of the "same incident," they were directed at different ends, and therefore did

not merge at sentencing: the defendant conspired to assault three police officers and discreetly solicited the murder [of] one of the officers. Thus, a person may be convicted and sentenced for two inchoate crimes that arise out of the same incident which were not designed to culminate in the commission of the same crime.

***Commonwealth v. Jacobs***, 39 A.3d 977, 983 (Pa. 2012) (some citations omitted).

More recently, in **King**, our Supreme Court noted that "[t]he presence of an additional victim is significant" for purposes of applying Section 906 because "[w]here the actors intend to [commit a crime against multiple victims, Section 906 would not prohibit multiple sentences . . . [b]ut where there is only one victim, multiple sentences are not permitted for inchoate crimes subsumed within the ultimate objective of the conspiracy." **King**, 234 A.3d at 572 n.19.

Finally, with respect to conspiracy convictions generally, this Court has explained:

A conviction for conspiracy requires only an intent to commit a crime, an agreement with a co-conspirator, and an overt act in furtherance of the conspiracy. The Commonwealth may meet this burden even if the conspirators fail to commit the underlying crime. Conspiracy to commit a crime and the underlying crime itself are two entirely separate offenses with separate elements required for each. Therefore, to sustain the conviction for criminal conspiracy, it need not be established that [an a]ppellant committed aggravated assault, provided that [an a]ppellant had the intent to do so. . . . The mere fact that [an] appellant was acquitted of the underlying crime is irrelevant to his guilt on the conspiracy charge. Further, an acquittal cannot be interpreted as a specific finding in relation to some of the evidence.

*Commonwealth v. Thomas*, 65 A.3d 939, 944 (Pa. Super. 2013) (citations and quotation marks omitted).

Here, Appellant was charged and convicted of attempted murder for "fir[ing] a rifle at West Hempfield Township Sergeant [] Coyle who was acting in the performance of his duty as he arrived in the area while responding to a call for shots fired." *See* Am. Criminal Information, 9/5/17, at 1. Appellant was charged with conspiracy to commit murder for entering an agreement with his co-defendant "to fire a rifle at police officers acting in the performance of their duties as they arrived in the area while responding to a call for shots fired." *Id.* at 2.

At trial, the jury found Appellant guilty of attempted murder with respect to Sergeant Coyle, but not guilty of the attempted murder charges as to Officer Smith and Officer Nagel. *See* Verdict Sheet, 9/11/17, at 1-2 (unpaginated). However, the jury found Appellant guilty of conspiracy to commit murder, which was based on allegations that he and his co-defendant agreed to fire a rifle at all three officers. *See id.* at 1. Although Appellant was acquitted of the attempted murder charges regarding Officer Nagel and Officer Smith, that did not preclude the jury from finding Appellant guilty for conspiracy to commit murder as to all three officers. *See Thomas*, 65 A.3d at 944 (explaining that a defendant's acquittal for "the underlying crime is irrelevant to his guilt on the conspiracy charge" and reiterating that "an acquittal cannot be interpreted as a specific finding in relation to some of the evidence"). Therefore, because the conspiracy charge included additional victims, Appellant's convictions do

not merge under Section 906. ***See King***, 234 A.3d at 572 n.19. Accordingly, Appellant is not entitled to relief.

**Traditional Merger**

In his second claim, Appellant argues his sentence is illegal because his convictions for attempted murder and assault of a law enforcement officer charges should have merged for sentencing purposes.[4] Appellant's Brief at 19. Specifically, Appellant contends that "[t]he assault and attempted murder counts arose from the same facts and possess no discrete elements." ***Id.*** at 21. As such, Appellant concludes that "[t]he imposition of separate sentences was, therefore, illegal." ***Id.***

Our Supreme Court has explained that Section 9765 of the Sentencing Code "prohibits merger unless two distinct facts are present: 1) the crimes

---

[4] In its Rule 1925(a) opinion, the PCRA court concluded that because this issue "was raised in the [PCRA] court, decided on the merits, and not presented in a [Appellant's] direct appeal, the issue is fully litigated and not reviewable." PCRA Ct. Op. at 5.

However, it is well settled that "legality-of-sentence claims are non-waivable and thus not required to have been preserved at any prior stage of litigation in order to obtain review thereof." ***Commonwealth v. Jones***, 932 A.2d 179, 182-83 (Pa. Super. 2007). Likewise, in cases where a PCRA court concludes that an illegal sentencing claim was previously litigated, this Court has explained that "[g]iven that our standard of review for a legality of sentence claim is *de novo*, we need not address [a] PCRA court's review of [an a]ppellant's claim and may address it on the merits in the first instance." ***Commonwealth v. Haughwout***, 2023 WL 5526408, at *5 (Pa. Super. filed Aug. 28, 2023) (unpublished mem.) (citation omitted); ***see also*** Pa.R.A.P. 126(b) (stating that we may cite to unpublished memoranda filed after May 1, 2019 for persuasive value). Therefore, because this Court has not yet addressed Appellant's legality-of-sentence claim, we conclude that the issue is not previously litigated, and we will address that issue on the merits.

arise from a single criminal act; and 2) all of the statutory elements of one of the offenses are included in the statutory elements of the other." ***Commonwealth v. Baldwin***, 985 A.2d 830, 833 (Pa. 2009) (citing 42 Pa.C.S. § 9765). "Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense." 42 Pa.C.S. § 9765. "To determine whether offenses are greater and lesser-included offenses, we compare the elements of the offenses." ***Commonwealth v. Watson***, 228 A.3d 928, 941 (Pa. Super. 2020) (citations omitted). "If both crimes require proof of at least one element that the other does not, then the sentences do not merge." ***Id.*** (citations omitted).

In determining whether assault of a law enforcement officer merges with attempted murder of a law enforcement officer, this Court has explained:

> [A]ll of the statutory elements of assault of a law enforcement officer are not included in attempted murder of a law enforcement officer. [I]n order for the Commonwealth to establish a prima [facie] case for the offense of assault of law enforcement officer . . . the Commonwealth is required to set forth evidence that: (1) the defendant attempted to cause, or intentionally or knowingly caused, bodily injury, (2) the victim was a law enforcement officer acting in the performance of his duty, (3) the defendant had knowledge the victim was a law enforcement officer, and (4) in attempting to cause, or intentionally or knowingly causing such bodily injury, the defendant discharged a firearm. ***Commonwealth v. Landis***, 48 A.3d 432, 445 (Pa. Super. 2012); 18 Pa. C.S. § 2702.1(a). A person commits attempted murder of a law enforcement officer when he takes a substantial step to "intentionally kill[] a law enforcement officer while in the performance of duty knowing the victim is a law enforcement officer." 18 Pa.C.S. § 901(a); 18 Pa.C.S. § 2507(a).
>
> It is clear that in order to show that a defendant committed assault of a law enforcement officer, the Commonwealth must prove that

- 10 -

the defendant discharged a firearm, which in not an element of attempted murder of a law enforcement officer. Additionally, in order to show that a defendant committed attempted murder of a law enforcement officer, the Commonwealth must show that the defendant acted with a specific intent to kill, which is not an element of assault of a law enforcement officer. Thus, because all of the statutory elements of the one offense are not included in the statutory elements of the other offense, [courts may impose] separate sentences for the convictions for assault of a law enforcement officer and criminal attempt to commit murder of a law enforcement officer.

**Commonwealth v. Sargent**, 2022 WL 17885014 at *20 (Pa. Super. filed Dec. 23, 2022) (unpublished mem.) (some formatting altered).

Here, Appellant was convicted of both attempted murder of a law enforcement officer and assault of a law enforcement officer for firing a gun at Sergeant Coyle. **See** Verdict Sheet, 9/11/17. Although both charges arose from a single criminal act, each offense requires an element that the other does not. **See Watson**, 228 A.3d at 941; **see also Sargent**, 2022 WL 17885014 at *20.

As noted previously, assault of a law enforcement officer requires proof that "the defendant discharged a firearm, which in not an element of attempted murder of a law enforcement officer." **Sargent**, 2022 WL 17885014 at *20. Further, "in order to show that a defendant committed attempted murder of a law enforcement officer, the Commonwealth must show that the defendant acted with a specific intent to kill, which is not an element of assault of a law enforcement officer." **Id.** Therefore, we conclude that Appellant's convictions for attempted murder of a law enforcement officer and assault of a law enforcement officer did not merge for sentencing

purposes. ***See Watson***, 228 A.3d at 941. Accordingly, we affirm the trial court's order denying Appellant's PCRA petition without a hearing.

Order affirmed. Jurisdiction relinquished.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 9/9/2024