J-S10005-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KHALIL SIMMS | : | |
| | : | |
| Appellant | : | No. 1156 EDA 2021 |

Appeal from the PCRA Order Entered May 5, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0003794-2014

BEFORE:  PANELLA, P.J., LAZARUS, J., and STABILE, J.

MEMORANDUM BY PANELLA, P.J.:                    **FILED MAY 15, 2023**

Khalil Simms appeals, *pro se*, from the order dismissing his first petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546.[1] Simms raises ineffective assistance of trial and PCRA counsel claims. We affirm.

---

[1] On July 30, 2021, this Court issued a rule to show cause "why the appeal should not be quashed as having been taken from a purported order which is not entered upon the appropriate docket of the lower court." Order, 7/30/21. Simms did not file a response. On November 29, 2021, this Court discharged the rule to show cause and referred the matter to this panel. Here, Simms filed his notice of appeal after the entry of the order dismissing his PCRA petition and generally raises claims from his PCRA petition. However, Simms's notice of appeal failed to include a statement that the order appealed from had been entered on the docket or a copy of the docket confirming entry of the challenged order. **See** Pa.R.A.P. 904(d) ("The notice of appeal shall include a statement that the order appealed from has been entered on the docket. A

*(Footnote Continued Next Page)*

This Court previously set forth the underlying facts:

[Simms] often sold marijuana out of Ananh ("Gak") Ketphahn's house at 44 South 44th Street, Philadelphia. On June 17, 2013, [Lajuan] Watkins [(Decedent)] and his cousin went to the 44th Street house to acquire marijuana from [Simms]. The sale went sour and following a fistfight between [Decedent] and [Simms], [Simms] shot and killed [Decedent]. …

Gak testified that he lived at 44 South 44th Street, and that [Simms] was in his house selling marijuana to [Decedent] when those two men engaged in what Gak described as "wrestling" or a "fistfight" in the hallway of the house. The fight moved into a back room and Gak heard shots coming from the room and saw a muzzle flash. One of the bullets hit Gak. Gak testified that [Simms] was carrying a "funny colored" gun, and after the gunfire he saw "Decedent" with a red spot on his chest. At some point not long after, [Simms] fled, carrying a blue bag containing marijuana.

After the shooting, Gak tried to flee[,] but [Decedent's] cousin, Brahim Marshall, was standing in the doorway. Marshall had a black object in his hand, and Gak ran in the other direction, during which time he heard more shots. As he was running, Gak grabbed [Decedent], who had already been shot, in attempt to shield himself from the gunfire. Gak then disposed of his marijuana to avoid getting arrested. Another witness, Christopher Goodbread, testified that Marshall also fled the scene at that point, and that

---

copy of the docket entry showing the entry of the order appealed from shall be attached to the notice of appeal."). Nevertheless, reviewing Simms's *pro se* appeal in conjunction with the lower court's docket, it is obvious that Simms is appealing from the order dismissing his PCRA petition. **See Commonwealth v. Blakeney**, 108 A.3d 739, 766 (Pa. 2014) (acknowledging that "courts may liberally construe materials filed by a *pro se* litigant"). Therefore, we decline to quash the appeal. **See Commonwealth v. Martin**, 462 A.2d 859, 860 (Pa. Super. 1983), *disapproved on other grounds*, **Commonwealth v. Graves**, 508 A.2d 1198, 1198 (Pa. 1986) (noting that this Court may disregard an appellant's failure to satisfy Pa.R.A.P. 904(d)); **see also** Pa.R.A.P. 105 ("These rules shall be liberally construed to secure the just … determination of every matter").

he saw [Simms] wiping blood off himself in the sink. Goodbread further testified that Gak told him that "the stupid fools tried to rob him." Gak also described the "wrestling match" to Goodbread, as well as the fact that either Marshall or [Decedent] was carrying a gun. Goodbread then called 911 and informed them there had been a shooting.

Officer Marc Peterson was the first officer on the scene. He first spoke with Gak and Gak's mother, and Gak presented a story of how he got shot. Gak's initial story was that Marshall had shot both [Decedent] and Gak himself. After Officer Peterson discovered the body of [Decedent], Gak told Office Peterson that [Decedent] was not involved in the shooting but fled as it occurred. …

Dr. Albert Chu, Chief Deputy Medical Examiner[,] was qualified as an expert witness in forensic pathology. Dr. Chu testified that [Decedent] suffered two gunshot wounds, one of which entered the right side of his chest and exited the left side of his neck, and the other which entered the back of his right arm and exited on the inner right arm. Dr. Chu testified that there was no evidence of close-range gunfire. Dr. Chu concluded, to a reasonable degree of medical certainty, that the cause of death was gunshot wound to the chest, and the manner of death was homicide.

Officer Robert Stott, of the Philadelphia Police Department[,] was qualified as an expert witness in the area of firearms identification. Officer Stott testified that the two recovered cartridge cases at the scene were from different caliber guns. Officer Stott further testified that [] one bullet can strike two different people, and that gunpowder residue can be removed by handwashing. Further, he stated that his conclusions were to a reasonable degree of professional certainty.

*Commonwealth v. Simms*, 891 EDA 2017 (Pa. Super. filed Jul. 18, 2018) (unpublished memorandum at 2-3) (citation and footnote omitted).

The police arrested Simms and charged him with numerous crimes. Relevantly, a preliminary hearing was held, at which Gak testified and identified Simms as the shooter. Counsel represented Simms during the

- 3 -

preliminary hearing and extensively cross-examined Gak. The charges were held over for trial. However, prior to the trial, Gak suffered a brain aneurysm. Subsequently, the trial court held a hearing with respect to Gak's competency as a witness. Following the hearing, the trial court found Gak to be incompetent.

The matter proceeded to a jury trial. At trial, the Commonwealth sought to introduce Gak's preliminary hearing testimony. Simms did not object to the admission. At the conclusion of the trial, the jury convicted Simms of third-degree murder, possessing an instrument of crime, and firearms not to be carried without a license, carrying firearms on public streets or public property in Philadelphia, and persons not to possess. The trial court imposed an aggregate sentence of 20 to 40 years in prison. This Court affirmed the judgment of sentence, and the Pennsylvania Supreme Court denied allowance of appeal on December 31, 2018. *See id.*, *appeal denied*, 199 A.3d 888 (Pa. 2018).

Simms filed, *pro se*, a timely PCRA petition. The PCRA court appointed Simms counsel, who subsequently filed a *Turner*/*Finley*[2] letter and a petition to withdraw as counsel. Thereafter, the PCRA court entered a Pa.R.Crim.P. 907 notice. The PCRA court then dismissed Simms's PCRA petition and granted PCRA counsel leave to withdraw. This appeal followed.

---

[2] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On appeal, Simms raises the following question for our review:

Was [Simms's] constitutional, rights of due process and equal protect of the law were violated when trial and PCRA counsels denied him of the effective assistance of counsel when they and the Commonwealth unlawfully deprived [Simms] of his rights to confront all witnesses against him on cross-examination to prove his actual innocence of the homicide of [Decedent][?]

Appellant's Brief at 4 (some capitalization omitted).

Our standard of review regarding a PCRA court's order "is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." *Commonwealth v. Rizvi*, 166 A.3d 344, 347 (Pa. Super. 2017). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Garcia*, 23 A.3d 1059, 1061 (Pa. Super. 2011) (citation omitted).

In a rambling and somewhat incoherent argument, Simms argues that a second robber, "Shotie," was the shooter, and that the evidence did not establish that Simms shot anyone. *See* Appellant's Brief at 8-9, 10, 14.[3] To that end, Simms alleges that trial counsel was ineffective for failing to properly present his arguments and cross-examine witnesses at trial such that the jury was deprived of necessary evidence to determine his guilt. *See id.* at 8, 14. Specifically, Simms alleges that trial counsel was ineffective for erroneously indicating that Simms was in possession of a gun; failing to present and cross-

---

[3] According to Simms, "Shotie" died in an unrelated incident prior to trial. *See* Appellant's Brief at 9.

- 5 -

examine eight witnesses who were in the house during the robbery; failing to cross-examine Gak, including to show the police coerced Gak into testifying falsely against Simms; allowing redacted preliminary hearing testimony by Gak to be read into the record at trial; failing to effectively cross-examine Officer Peterson about moving Decedent's body from the bedroom to the hallway; stating during closing argument that Simms was in the hallway during the shooting and that he washed blood off his hands; failing to cross-examine Dr. Chu regarding the caliber of bullet that struck Decedent, the drugs found in Decedent's system, and whether a gunshot residue test had been conducted; failing to present Dr. Marlin Osbourne, who conducted an incomplete autopsy, and failing to object to Dr. Chu's testimony about the autopsy; failing to effectively cross-examine Officer Stott about the caliber of bullet used in the shooting; failing to argue that Decedent was shot from behind; and failing to properly cross-examine Goodbread about the shooting. *See id.* at 8-13. Simms also alleges that PCRA counsel was ineffective. *See id.* at 8, 14. Simms seeks an evidentiary hearing or a new trial. *See id.* at 14.

To succeed on an ineffectiveness claim, Simms must demonstrate by a preponderance of evidence that "(1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice as a result of counsel's action or inaction." *Commonwealth v. Brown*, 196 A.3d 130, 150 (Pa. 2018) (citation omitted). Counsel is presumed to be effective, and the burden is on Simms to prove

otherwise. *See Commonwealth v. Simpson*, 66 A.3d 253, 260 (Pa. 2013). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *See Commonwealth v. Montalvo*, 244 A.3d 359, 368 (Pa. 2021).

To be eligible for relief on a claim that PCRA counsel was ineffective, the petitioner "must meet all three prongs of the . . . test for ineffectiveness" for each counsel. *Commonwealth v. Chmiel*, 30 A.3d 1111, 1128 (Pa. 2011) (citation omitted). "A failure to satisfy any of the three prongs of the [ineffectiveness] test requires rejection of a claim of ineffective assistance of trial counsel, which, in turn, requires rejection of a layered claim of ineffective assistance of" PCRA counsel. *Id.* (citation omitted).

Here, while recognizing that this Court can liberally construe a *pro se* brief, we conclude that Simms's argument is woefully inadequate. *See Commonwealth v. Ray*, 134 A.3d 1109, 1114-15 (Pa. Super. 2016) (stating that "status as a *pro se* litigant does not entitle [appellant] to any advantage due to his lack of legal training[,] and "a *pro se* litigant must still comply with the Pennsylvania Rules of Appellate Procedure.") (citation omitted)); *see also Commonwealth v. Martz*, 232 A.3d 801, 811 (Pa. Super. 2020) (stating that this Court will not act as counsel or develop arguments for appellant). Simms merely provides conclusory statements that counsel was ineffective without setting forth the three prongs of the ineffectiveness test or discussing them. *See Commonwealth v. Spotz*, 896 A.2d 1191, 1250 (Pa. 2006)

("[B]oilerplate, undeveloped" arguments regarding ineffective assistance of counsel are "insufficient to establish an entitlement to post-conviction relief." (citation omitted)). In fact, Simms does not establish that he was prejudiced by counsel's alleged failures, nor does he support his claim that "Shotie" was the shooter in this case or establish that any of the purported testimony would have established this fact.[4] Furthermore, Simms's argument is unsupported by citation to and discussion of relevant case law. "When an appellant cites no authority supporting an argument, this Court is inclined to believe there is none." ***Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775, 781 (Pa. Super. 2015) (citing Pa.R.A.P. 2119(a), which requires the appellant to discuss and cite to pertinent authorities). Therefore, Simms waived these claims. ***See Commonwealth v. Paddy***, 15 A.3d 431, 444 (Pa. 2011) (stating that when an appellant fails "to set forth all three prongs of the ineffectiveness test and [to] meaningfully discuss them, he is not entitled to relief, and we

_____

[4] We additionally note that in his argument that trial counsel failed to cross-examine Gak, Simms appears to ignore that Gak was found to be incompetent to testify at trial and that Gak's testimony from the preliminary hearing was introduced at trial, as defense counsel had a full and fair opportunity to examine Gak for a "fairly lengthy period of time" during the preliminary hearing, N.T., 11/9/15, at 13. Further, with regard to Simms's claim that counsel was ineffective for failing to cross-examine Officer Peterson about the location of the body, Officer Peterson specifically testified that the body was found in the bedroom. ***See*** N.T., 11/10/15, at 171. Moreover, Simms has not established that any of the purported eight witnesses were available to testify or that they would have testified on his behalf.

are constrained to find such claims waived for lack of development") (citation omitted)).

Regarding Simms's claim that PCRA counsel was ineffective, our Supreme Court recently held that the proper procedure for enforcing the right to effective PCRA counsel is by "allowing a petitioner to raise claims of ineffective PCRA counsel at the first opportunity [(after obtaining new counsel or acting *pro se*)], even if on appeal." ***Commonwealth v. Bradley***, 261 A.3d 381, 405 (Pa. 2021).

> In some instances, the record before the appellate court will be sufficient to allow for disposition of any newly-raised ineffectiveness claims. However, in other cases, the appellate court may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter. Consistent with our prior case law, to advance a request for remand, a petition would be required to provide more than mere boilerplate assertions of PCRA counsel's ineffectiveness; however, where there are material facts at issue concerning claims challenging counsel's stewardship and relief is not plainly unavailable as a matter of law, the remand should be afforded.

***Id.*** at 402 (citations, brackets, and quotation marks omitted). In other words, "appellate courts will have the ability to grant or deny relief on straightforward claims, as well as the power to remand to the PCRA court for the development of the record." ***Id.*** at 403.

We acknowledge that Simms timely raised his PCRA counsel's ineffectiveness claims on appeal. However, Simms is not entitled to relief on these claims or further remand to develop the record. Simms merely raises bald allegations of PCRA counsel's ineffectiveness and failed to satisfy any of

the three prongs of the ineffectiveness test for each counsel, which requires a rejection of his claims. ***See Chmiel***, 30 A.3d at 1128; ***Spotz***, 896 A.2d at 1250. Accordingly, based upon this argument and record, we conclude that Simms' PCRA counsel ineffectiveness claims are without merit. ***See Bradley***, 261 A.3d at 402 (noting that boilerplate allegations of ineffectiveness do not entitle a petitioner to relief); ***see also Martz***, 232 A.3d at 811.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/15/2023